Daniel, Judge,
 

 after stating the case as
 
 above,
 
 proceeded as follows:
 

 We think the judge erred in confining the jury to the question, whether or not the lands in controversy were embraced in the deed of gift from F. Mills, senior, to F. Mills, junior. If the land sought to be recovered by the plaintiff, was embraced in the report of the commissioners,, which report had been confirmed, and final judgment rendered thereon, then, we think the lessor of the plaintiff, who had been a party to that judgment, was concluded, bound, and estopped to controvert any thing contained' in it. The legislature, by the act of 1789,
 
 {Rev. c.
 
 309,) gave to tenants in common of real estate
 
 the petition
 
 for partition, in the place of the ancient
 
 writ
 
 of partition. The final judgment at common law in a writ of partition, runs thus,
 
 ideo consideratum est quod partitio prcedicta firma et stabilis in perpetuum teneatur.
 
 Thomas’s Coke, 700. And it was conclusive on the parties, and all claiming under .them. (Ibidem, note
 
 55.)
 
 In
 
 Clapp
 
 v.
 
 Bronagham,
 
 9 Cowan’s Rep. 569, the Court say that the judgment in partition, it is true, does not change the possession, but it establishes the title, and, in an ejectment, must be conclusive. The judgment of the Court, adjudging a share to belong to one of the parties, and allotting it to him to hold in severalty, must be sufficient to authorize him to recover it as to all the parties to the record;- the judgment is, as to them, an estoppel. The act of 1789 gives the same force to a final judgment' in a petition for partition of real estate. It declares, that the division when made, shall be good and effectual in law to bind the parties, their heirs: and assigns.
 

 Per Curiam. Judgment reversed-