Pearson, J.
 

 In the action of trespass, q. c. f., the defendant pleaded the “ general issue,” and also pleaded specially “
 
 liberum tenementum
 
 ; to this plea, the plaintiff replied, by way of traverse, to wit, that the
 
 loous in guo
 
 was not the freehold of the defendant. Upon this issue, the question of title was fully gone into, and both issues were found in favor of the lessor of the plaintiff. The question is : does this establish his title by force of an estoppel ?
 

 The effect of the finding on the general issue was, that the plaintiff was in possession, and was entitled to recover against a wrong-doer; and further, that the defendant had committed the trespass complained of, and was liable to the plaintiff’s action, unless he (the defendant) had title to the land.
 

 The effect of the finding on the issue joined on the special plea, was, that the defendant had not title to the land; but
 
 non oonstat,
 
 that the lessor of the plaintiff had title ; it may well be that neither had title ; and although the possession of the lessor of the plaintiff, was sufficient to enable him to recover in the action of trespass, q. c. f., against the defendant, who was a wrong-doer, that will not enable him to recover in the action of ejectment, because, in that action, he must recover upon the strength of his own title, and not the weakness of his adversary’s. He can derive no aid from the record of recovery in the former action, either by estoppel or otherwise, for
 
 Ms title
 
 was not put in issue $ the title of the defendant was alone put in issue.
 

 In
 
 Rogers
 
 v. Ratcliff, 3 Jones’ Rep. 225, the finding was
 
 *379
 
 for the defendant, and if he had relied alone on his special plea, there would hare been an estoppel in respect to his title. The decision in that case, does not conflict with our opinion in this ; and both tend to a proper explication of the doctrine of estoppel. There is error. Judgment reversed, and a judgment for the defendant on the case agreed.
 

 Pee Cubtaji, Judgment reversed.