Manly, J.-,
 

 It will be seen by reference to the case trans
 
 *451
 
 mitted to this Court, and to the papers therein referred to, that a controversy in relation to the division of the estate of Benajah Dixon arose among the legatees, which was settled by a bill in equity. To this bill, both the plaintiff and defendant were parties as legatees. The slave, in question, had been a part of the estate of the said Benajah, and was decreed, upon the final hearing of the bill, to belong to the plaintiff. The parties are unquestionably estopped by the decree. ' The rights of property, as declared under it, are conclusive upon them, until it is reversed; “
 
 res adgudicata est, et interest reiptiblicos utjmis sit litiumP
 
 .
 

 We do not now enter into any examination of the justice and propriety of the proceedings and decree in equity. These cannot be enquired into in this action, as upon a bill of review.
 

 The other point, raised by the case, is, whether the action was sustained by proper proof of a conversion. It seems after the division of the slaves was made by the commissioners under the decree, and after the same was reported to the Court, but before the confirmation thereof, the defendant refused to deliver up the slave upon demand; and with a view to defeat the plaintiff’s claim, sold her. This was unquestionably a conversion’ as against him who had the right of property, and the consequent right of possession at the time, and the question resolves itself into this: was the plaintiff vested with these rights? We think he was.
 

 Where a decree or judgment of Court is rendered, declaring rights of property in tenants in common of things capable of division and a partition is ordered, made and reported, an inchoate right of property is raised, which the subsequent judgment of confirmation perfects. In such case, the title has relation back to the division, and starts from that time; in like manner as the right of property in an administrator is held to relate back to the death of the intestate, for the moré complete protection of estates. Thefe is no error.
 

 Per Curiam,
 

 Judgment affirmed.