LINDSAY v. BEAMAN.

(Filed April 30, 1901.)

1. VERIFICATION—*Partition—Petition—Pleading.*

It is not necessary to verify a petition for partition.

2. EVIDENCE—*Documentary—Partition—Petition—Verification.*

It is not necessary that a petition for partition should be verified to make it competent evidence.

3. ESTOPPEL—*Judgment—Partition—Infant—The Code, Sec. 286.*

One who joins an infant in a petition for partition is bound by the judgment, though it is not approved by the Judge of the Court.

4. EVIDENCE—*Documentary—Partition—Record—The Code, Sec. 1897.*

The record of partition proceedings is admissible in evidence though not recorded as required by section 1897 of The Code.

5. ESTOPPEL—*Record—Partition.*

When land is incorporated and assigned in a decree in partition proceedings with the knowledge and consent of the parties thereto, the administrator of one of the parties is estopped from denying that the land was not originally included in the petition.

6. ADVERSE POSSESSION—*Color of Title—Partition.*

The record of partition proceedings is color of title and possession for seven years thereunder gives a good title.

APPLICATION by George M. Lindsay, administrator, for leave to sell lands for the payments of debts, heard on appeal from the Superior Court Clerk, by Judge *Frederick Moore,* at Special (Fall) Term, 1900, of GREENE County Superior Court. R. E. Beaman and B. W. Edwards claimed title to the land, and from a judgment for the claimants, the plaintiff administrator appealed.

*George M. Lindsay, in propria personam.*
*H. G. Conor & Son,* and *L. V. Morrill,* for the defendant.

COOK, J. A trial by jury having been waived, the issues were found by the Judge. The case is presented for our decision upon exceptions taken by the plaintiff to the admissibility of evidence. The facts found by his Honor are fully set out in the judgment. The first exception is to the admission of the record of the Superior Court in the special proceedings in the case of R. E. Beaman and Charity Beaman, petitioners, *ex parte,* for partition of land, upon the following grounds:

(1) On the ground that the petition was not verified.

(2) On the ground that the judgment was not approved by the Judge of the Superior Court. (Charity Beaman being an infant and appearing by guardian.)

(3) On the ground that the proceeding had not been recorded in the office of Register of Deeds of Greene County as required by section . . . . of The Code.

(4) On the ground that the land in controversy is not included in the lands described in the petition in said cause, and therefore the same is irrelevant and incompetent.

(1) We know of no statute which requires the petition in a special proceeding to be verified. And if there be such, counsel failed to cite it to the Court. The rules of The Code of Civil Procedure (which are applicable to special proceed-

ings) do not *require* any pleading to be verified; but when one plea is verified every subsequent one, except a demurrer, must be verified also.   Secs. 278, 257 and 1923 of The Code.

(2) While the final judgment was not approved by the Judge, yet it is binding upon the defendant, R. E. Beaman. He is not under disability and can not complain.   As to the infant petitioner, it is invalid only in so far as it may be prejudicial to her interest.   Code, sec. 286.   It is good so long as it remains unchallenged, which she may do by motion in the cause, and for proper cause shown have it set aside. Those holding title thereunder would do so subject to her legal rights, which may or may not be exercised, which is not material to this exception.   For all other purposes and as to all persons, other than the infant, it is just as effective and binding as if it had been submitted to and approved by the Judge, and can not be collaterally impeached.

(3) And for the purpose of evidence this record of the Superior Court was admissible, notwithstanding it had not been registered in the office of Register of Deeds as required by section 1897 of The Code.   It obtains no additional verity or authority by reason of such registration, nor is such registration required for the purpose of fixing parties with notice, but simply for convenience in tracing titles, and to keep evidence of titles by purchase under one system and in the same office.

(4) The defendant claimed under color of title and introduced the record in the partition proceeding to show color, and it was material to his defence to show that the tract of 100 acres (the one in litigation) was embraced in the record. It was immaterial whether it was set out in the petition, or incorporated in the record, and thus assigned by decree of the Court to defendant, so far as plaintiff's intestate was concerned; for it is found as a fact that he was present, together with R. E. Beaman, and it was incorporated with their

knowledge and under their supervision; and they are mutually estopped from denying the truth or regularity of the record. A record of partition proceedings is color of title and seven years adverse possession thereunder gives a good title. *Bynum v. Thompson,* 25 N. C., 578; *Smith v. Tew,* 127 N. C., 299. And it is immaterial for the purpose of evidence, whether it was registered, or not, in the office of Register of Deeds. Partition proceedings are public records of the Superior Court of which all parties have to take notice. *Titles* are acquired by deeds, but not by partition proceedings. In the case of deeds title passes from owner to purchaser, and to constitute color of title must be registered (*Austin v. Slaten,* 126 N. C., 783), while in partition proceedings between tenants in common no title passes, only the unity of possession is dissolved and title vests in severalty, notice of which is fully given by the record itself—the common source of title resting undisturbed.

The other exceptions taken by plaintiff are to the competency of the witness Henry Doring to testify under section 590 of The Code, and the relevancy and materiality of his testimony.

· We fail to find any error upon' the part of his Honor in overruling these exceptions. Doring was not a party to the action, nor did he have any interest in the event or result, nor can his interest in any way be affected by it; he had derived no interest from, through or under either of the parties to the action, or anyone interested in the result, nor from intestate. It nowhere appears that his evidence contradicted the partition proceedings, or the deed executed to intestate. But it tends to establish the fact that intestate bought the "Nancy Doring" land with the debt due to defendants' father's estate, and that it was agreed between intestate and R. E. Beaman that intestate was to have 65 acres of it and said R. E. Beaman to have the residue, the "100-acre" tract;

and the further fact that they caused the 100-acre tract to be incorporated in the report of the commissioners and assigned to defendant, and that immediately thereafter each entered into possession of his respective tract and has had exclusive adverse possession ever since.    There is

No error.