SETZER v. SETZER.

(Filed December 10, 1901.)

1. APPEAL—*Exceptions and Objections.*

> Where no appeal is taken from the finding of the jury and the judgment, exceptions thereto will not be heard upon an appeal from a subsequent judgment in the case.

2. FORMER ADJUDICATION—*Rehearing—Appeal.*

> It is not allowable to rehear a cause by raising the same points upon a second appeal.

3. DIVORCE—*Children—Custody and Tuition of Children—The Code, Secs. 1570 and 1296.*

> In a divorce proceeding, whether to grant the custody and tuition of the children to the father or mother, is discretionary with the court, and it may, upon notice, change the custody before or after judgment.

ACTION by H. T. Setzer against Laura A. Setzer, heard by Judge *W. B. Council,* at July Term, 1901, of the Superior Court of CATAWBA County. From a judgment for the plaintiff, the defendant appealed.

*Self & Whitener,* for the plaintiff.
*L. L. Witherspoon,* for the defendant.

COOK, J. This action was brought for a divorce *a vinculo matrimonii* for causes assigned under The Code, sec. 1285— Acts 1895, Chap. 277, Acts 1899, Chap. 211, and reviewed by this Court upon plaintiff's appeal at the February Term, 1901 (128 N. C.; 170).

Upon motion for judgment in the Superior Court upon the transcript from this Court, his Honor rendered a decree in favor of plaintiff in conformity to the opinion of this Court, dissolving the bonds of matrimony, and adjudging that

defendant be taxed with the costs. Defendant resisted said decree, and moved for a decree for the sale of the land (adjudged to belong to her as tenant in common, from which no appeal was taken) for partition and for an account to be taken of the rents and profits, including the value of the timber cut from said land by the plaintiff, and that defendant have the care and custody of the minor child, and for an allowance for the support of the child, and that the costs be taxed against the plaintiff. His Honor overruled defendant's motion, and she excepted and assigned as error, first, for not rendering decree as prayed for; second, for rendering decree dissolving the bonds of matrimony; third, for disallowing the allowance of ten dollars per month for the support of the minor child, made by the Court upon the trial; fourth, for ordering the costs to be taxed against the defendant; fifth, for refusing to allow to be read the notes of the evidence taken upon the trial of the action.

Defendant's exceptions and assignments of error can not be sustained; for that no appeal was taken from the finding of the jury and judgment, that defendant was the equitable owner of 50-145 undivided interest in the tract of land described in the answer. The questions of divorce and costs were adjudicated in the former appeal, and can not again be heard by this Court in this action, except by petition to rehear under the rules of Court (*Hendon v. Railroad Co.*, 127 N. C., 110; *Pretzfelder v. Ins. Co.*, 123 N. C., 164), and the notes of the evidence taken by the Judge upon the trial were irrelevant.

As to the third assignment, it was within the discretion of the Court granting the divorce to commit the custody and tuition of the child to the father or mother; or to one parent for a limited time, and after the expiration of that time, to the other parent, and so on alternately (Code, sec. 1570). It was likewise within the discretion of the Court, both be-

fore as well as after judgment, upon application after no-
tice, etc., to make such orders respecting the care, custody,
tuition and maintenance of the child as may be proper, and
from time to time modify or vacate such orders (Code, sec.
1296). In this case, his Honor has rendered a decree in
the exercise of his discretion allowed by statute, and we see
no error committed by him, and none is pointed out.

There is no error, and the judgment below must be
Affirmed.