CARTER v. WHITE.

(Filed September 16, 1902.)

EJECTMENT—*Partition—Judgment.*

> Where, in an action of ejectment and judgment that defendant owned a certain undivided interest, less than claimed by him, and the plaintiffs the balance, a judgment in subsequent partition proceedings allotting such defendant his share in severalty, does not prevent his claiming an undivided interest with the plaintiffs under an after-acquired title from one not a party to the action in ejectment or partition proceedings.

ACTION by J. C. Carter and others against L. R. White and others, heard by Judge *George A. Jones,* at March Term, 1902, of the Superior Court of CURRITUCK County. From judgment for the plaintiffs, the defendants appealed.

*Pruden & Pruden,* and *Shepherd & Shepherd,* for the plaintiffs.

*E. F. Aydlett,* for the defendants.

Cook, J. In 1895 the plaintiffs brought an action of ejectment against defendant in the Superior Court of Cur-

rituck County, and alleged in their complaint that they were the owners in fee simple of the land in controversy.    Defendant, in his answer, denied that his entry and possession were unlawful and wrongful, but averred that he was the owner in fee of seven seventy-seconds (7-72) parts of the land. Upon the trial the jury found for their verdict that the "defendant was entitled to one-fifty-fourth part of the whole and the plaintiffs to the balance thereof." And thereupon the Court rendered judgment "that the defendant owns in fee simple one undivided one fifty-fourth part of the land and the plaintiffs, trustees, the balance of the same."

Thereafter, in 1898, the plaintiffs instituted a special proceeding for partition against defendant and caused the share of defendant to be assigned and allotted to him in severalty under decree of the Court.

In February, 1899, defendant purchased the interest of one Thomas S. Land in said tract of land.    Said Thomas S. Land was not a party to the action, nor to the special proceeding, and it appears from the pleadings and affidavits in this action that he was the owner of an undivided interest in the land as one of the heirs of Jeremiah Land, one of the original grantees, at the time of and before the institution of said action and special proceeding, which he sold and conveyed to defendant on the 1st day of February, 1899.

By virtue of his title thus acquired, defendant claims a tenancy in common with the plaintiffs in the entire tract of land, and has entered upon said land and insists that he has a right to enter thereon equally with plaintiffs, and that such entry is not a trespass as alleged.

Plaintiffs contend that notwithstanding said Land was not a party to the said action and special proceeding, and while he, Land, would not be debarred from entering upon and claiming his right and interest in the tract of land, if he had any, on account of said judgment and decree, yet the

defendant who has purchased Land's interest is estopped from claiming any interest thereunder by reason of the judgment rendered in said action in 1896 and the decree of partition in 1898, to which defendant was a party.

So the plaintiff's contention is that, by reason of said judgment and decree, defendant is estopped from setting up his interest acquired under the purchase from Land, notwithstanding Land was not a party to the action or special proceeding. Wherefore, they instituted this action to enjoin and restrain defendant from entering upon the land, etc.

His Honor held with the plaintiffs and made an order continuing the restraining order and defendant appealed.

In so holding his Honor was in error. In the action of ejectment, the *only* title in issue was that of defendant. Plaintiff's title was not in controversy. It was there found and adjudged that defendant was a tenant in common with the plaintiffs. Whether they owned all of the *remaining* interests or only a part of them, or any interest at all, was not in issue. It was they alone who denied the title of defendant, and the only title established was that of defendant, who did not deny that plaintiffs were entitled as tenants in common. Nor did the partition proceeding in anywise affect the title either of plaintiffs or defendant. In partition proceedings between tenants in common no title passes, only the unity of possession is dissolved and title vests in severalty, the common source of title resting undisturbed. *Lindsay v. Beaman,* 128 N. C., 189. Land's interest never passed to plaintiffs and was not represented, nor was he a party; therefore, he was not bound by the action or special proceeding. As to him they were void, and he had a right of entry and possession equally with the other tenants in common, whomsoever they might be. By his deed passed all the right of Land to the defendants, who then stood in Land's shoes, and had all the rights and remedies of Land, independent of and notwithstanding the

judgment in said action and decree of partition.    Had Land been a party, then he and those holding under him would have been estopped by the judgment and decree.    *Dixon v. Waters,* 53 N. C., 449; *Bickett v. Nash,* 101 N, C., 579.

But Land was not a party; his title was derived from a common source with that of plaintiffs and was not an outstanding title, as was the case in *Mills v. Witherington,* 19 N. C., 433.

So the question of an outstanding title or encumbrance upon the joint estate is not involved in this action.

Defendant owning Land's interest has the same rights and remedied under it, which Land himself could exercise, had he not sold it.    There is

Error.