CLARK, C. J., dissenting.
The plaintiffs, trustees of Swan Island Club, prosecute (467) this action against the defendant for an alleged trespass upon the land described in the complaint. They demand judgment for damages and other relief. The defendant in his answer denies the ownership as alleged, admits an entry upon the land, and sets up title to an undivided interest therein. Appropriate issues were framed and submitted to the jury. The plaintiffs introduced the record of a civil action lately pending and determined in the Superior Court of Currituck County, wherein the present plaintiffs, James C. Carter and William Minot, Jr., together with W. H. Forbes, trustees of Swan Island Club, were parties plaintiff and the present defendant was party defendant. It appears from an inspection of said record that the plaintiffs alleged that they were the owners in fee and in possession of the land described in the complaint, and that the defendant had committed acts of trespass thereon.
The defendant in his answer denied that the plaintiffs were owners and alleged that he was the owner in fee of an undivided interest in the land. He admitted the entry and alleged that the same was lawful.
The cause came on for trial at Fall Term, 1896, and the following issue was submitted to the jury: "To what part of the land described in the complaint are the plaintiffs, trustees and the defendant respectively entitled?" and the jury responded, "The defendant to one fifty-fourth part of the whole and the plaintiffs to the balance thereof." Judgment was rendered in accordance with the verdict, "that the defendant owns in fee simple one undivided fifty-fourth part of said land and the plaintiffs, trustees, the balance of the same." A full description of the land is set out in the judgment. Thereafter the plaintiffs in said action instituted a special proceeding in which the defendant therein, being the defendant herein, was *Page 340 
party defendant for the purpose of having partition of the (468) land. In the petition in said proceedings the plaintiffs alleged that they were tenants in common with the defendant of the land described therein, being the same land described in the complaint in the civil action, and setting forth the interest of the parties. The defendant filed no answer and the court rendered judgment directing partition, appointing commissioners for that purpose. The commissioners made partition, allotting to the defendant by metes and bounds one fifty-fourth part in value of the land and to the plaintiffs the balance thereof; and on 23 September, 1898, their report was duly confirmed by the court and the parties adjudged to hold the portions allotted to them by the commissioners. Thereupon the defendant introduced a grant for thelocus in quo from the State to John Williams, Thomas Williams and Jeremiah Land, also a deed from Thomas Land to himself, bearing date 1 February, 1899. The defendant showed that Thomas was one of the heirs at law of Jeremiah Land, one of the persons named in the grant.
The record also states "that it is admitted the defendant is a tenant in common with them to the extent of the interest conveyed to him under the deed from Thomas Land of 1 February, 1899, unless the defendant is estopped by the proceedings set up in this action." It was conceded that the present plaintiffs succeeded to the title of the plaintiffs in said action and proceeding. The plaintiffs moved for judgment; the motion was denied, and the plaintiffs excepted.
The court instructed the jury that if they found from the evidence that Jeremiah Land was one of the original grantees from the State to the land in controversy; that he died seized of the same, and that Thomas Land, from whom the defendant bought 1 February, 1899, was not a party to the proceedings introduced in evidence, the defendant was not estopped. (469) The plaintiffs excepted, and from a judgment for the defendant appealed.
The plaintiffs contend that the defendant is estopped from asserting title to any portion of or interest in the land in controversy, first, by the verdict and judgment in the civil action rendered at Fall Term, 1896; and *Page 341 
second, by the final judgment in the special proceedings for partition of 23 September, 1898.
The defendant admits that he is estopped to assert any title which he owned at the time of the institution of said action and of said special proceeding, or which he has derived from the parties to said action, or any person claiming under said parties, but insists that he is not estopped to assert title derived from Thomas Land, who claims under Jeremiah Land, neither of whom were parties to or in any manner bound by the judgment in said action or proceeding. This is the sole question presented upon this record.
Before proceeding to discuss the authorities relied on by counsel it will be well to note the disposition of this case made by this Court at August Term, 1902 (131 N.C. 14). The case as then presented was an appeal from an order continuing to the hearing an injunction restraining the defendant from trespassing upon the land pending litigation. The Court decided that the judge was in error in making said order. It is not contended that the judgment then rendered was final or worked an estoppel upon the plaintiffs to further prosecute this action. The appeal was not from any "judgment" but from a "judicial order," as provided in section 548 of the Code. The term "order" is sometimes applied to an interlocutory judgment or decree. Indeed, under the Codes (470) of the several States interlocutory judgments and decrees are no longer recognized, and "orders" have been substituted therefor. 17 Am. and Eng. Ency., 763. The defendant, however, says that this Court in the opinion rendered decided the question now presented, and that the decision became the "law of the case" and binding upon us in all other and future steps herein. It is well settled that the decision of a question presented by the record and necessary to be decided in the final disposition of the case is conclusive upon the parties.
We will not entertain a proposition to "rehear" a case by means of a second appeal. Fretzfelder v. Ins. Co., 123 N.C. 164; 44 L.R.A., 424;Setzer v. Setzer, 129 N.C. 296. This principle, however, cannot be so extended as to include such a case as this. The only question presented by the former appeal was whether his Honor should have made the interlocutory order continuing the injunction to the hearing, and in no manner involved the final determination of the case or the rights of the parties upon the trial thereof. We therefore conclude that it is our duty to decide this appeal as if presented for the first time, giving to the views expressed by this Court such weight as in our opinion they are entitled. The learned justice, *Page 342 
writing for the Court, says: "In the action of ejectment the only title in issue was that of the defendants; the plaintiffs' title was not in controversy. It was there found and adjudged that the defendant was a tenant in common with the plaintiffs." The record shows "that the action was in trespass and not ejectment." The plaintiffs expressly put theirtitle in issue by alleging that "they were the owners in fee simple and in the possession of the land." The defendant not only joined issue by denying the allegation of ownership, but by affirmative averment put his title in issue, alleging that he was the owner of an (471) undivided interest, stating the extent thereof. It is difficult to see how the title of the parties could have been more clearly put in issue. Under the practice prevailing prior to the adoption of the Code the defendant's answer would have constituted a general denial or plea of "not guilty" and a special plea of liberumtenementum. The cause would have been tried upon the general issue and the special plea. A verdict upon the general issue would not have worked an estoppel for the reason set forth by Pearson, J., in Rogers v. Ratcliff,48 N.C. 225; Stokes v. Fraley, 50 N.C. 377.
In the last case he said: "If the defendant had relied on his special plea there would have been an estoppel in respect of his title." The effect of a verdict and judgment in actions involving title to land under the Code system is discussed by Pearson, C. J., in Falls v. Gamble, 66 N.C. 455, where he says: "Had Gamble brought his action against Falls for trespass on the land, and Falls in his answer had admitted the possession of Gamble and the committing of the alleged trespass by his orders and put the defense on his title, . . . a verdict and judgment would have worked an estoppel in the same way that it would have done in the old action, trespass quaereclausum under the plea of liberum tenementum. Indeed, under the Code of Civil Procedure, in an action for land, when the complaint avers title in the plaintiff, the answer admits possession, denies the title of the plaintiff and sets up title in the defendant, a verdict and judgment will conclude the parties and privies in respect to the title. . . . In an action for land the plaintiff, if he does not wish the action to try title, should merely allege that he is entitled to the possession and that the defendant withholds it to his damage; and the defendant, if he does not wish the action to conclude the title, should in his answer merely deny the allegation of the complaint so as to make it in effect a plea of `not guilty' or the (472) `general issue.'"
We therefore conclude that the defendant is estopped by the judgment to deny the facts found by the jury, to-wit, *Page 343 
"That the plaintiffs are entitled to fifty-three fifty-fourths of the land." The effect of the judgment was to leave the parties in possession as tenants in common, each having, as between themselves, the interests adjudged by the court upon the verdict.
In the view which we take of the effect of the partition proceeding it is not necessary to decide the effect of this estoppel upon an after-acquired outstanding title, and we forbear to express any opinion thereon.
The question next arises as to the effect of the final judgment in the partition proceeding which was put in evidence. It is therein settled that the plaintiffs and the defendants are the owners and entitled to the possession of the several portions of the land allotted to them by the commissioners. The defendant admits that he has entered upon that portion of the land allotted to the plaintiffs and committed acts of trespass thereon. He seeks to justify such entry by alleging that since said partition he has become the owner of one-ninth undivided interest in said land by virtue of a deed from one Thomas Land who was at the time of said partition by title paramount the owner of such interest; that neither said Land nor those under whom he claimed were parties to said proceeding. Is the defendant estopped to assert such title against the plaintiffs? The plaintiffs say that he may not do so for that, first, the final judgment in the proceedings in partition settled the rights of the parties to the entire tract of land; that thequantity to which each party was entitled was fixed by the judgment, and that neither party shall be heard to bring into question the fact so settled and determined, either by showing that he then owned a larger interest or that he has acquired an outstanding title; and second, that there is an (473) implied warranty arising upon the partition which estops, by way of rebutter, the defendant from setting up such title.
In regard to the first question, it is interesting to trace the development of the law on this subject. We are thereby enabled to better understand and distinguish the conflicting decisions. It was held at one time "That a writ of partition or a petition for partition, which is but a substitute for the former, is a mere possessory action," and that judgment therein did not bar or estop the parties in an action of higher dignity involving title. Freeman on Co-tenancy, sec. 529. Mr. Freeman says: "In the greater portion of the United States actions for partition, like actions in ejectment, have ceased to be merely possessory actions and have come to involve the right as well as the possession." He has collected in the note (Nicely v. Boyles, 40 Am. Dec., 638) an interesting history of the law and a number of decided *Page 344 
cases upon the subject. It is not necessary, however, that we go beyond our own reports to find a strong, able and exhaustive discussion of this question. Judge Pearson, writing for the Court in Armfield v. Moore, 44 N.C. 157, not only vindicates the wisdom in which the law of estoppel is founded, "without which it would be impossible to administer law as a system," but applies it to proceedings for partition. This case is one of the landmarks of our jurisprudence, familiar to every lawyer in the State. It is there settled beyond controversy that a final decree or a petition for partition works on estoppel of record upon the parties thereto, and that neither shall be heard to say that any of the facts therein settled were not true. He says: "Here we have facts agreed on by the parties, entered on the record, partition and decree in pursuance thereof, possession in severalty." . . . Mr. Freeman says: "At the present time there can be no doubt that a judgment in a proceeding (474) for the partition of land is as conclusive upon the matter put in issue and tried as a judgment in any other proceeding, and may be set up as a bar to a writ of entry involving the same question of title. And a suit for partition is perhaps the only proceeding known to the law in which every possible question affecting the title to real estate may be made an issue and determined." Freeman on Judgments, sec. 304. This principle is in no manner affected by what is said by this Court in Harrison v. Ray, 108 N.C. 215; 11 L.R.A., 722; 23 Am. St., 57. That was an action to correct one of the deeds of partition.
The defendant's counsel in his well-considered brief insists that the estoppel operates only upon the title which the parties to the record then owned, and does not affect his right to buy in and assert an existing and outstanding title not affected by the judgment. We have found but one case in our reports in which this question is presented and decided. In Mills v.Witherington, 19 N.C. 433, it appeared that partition had been made upon petition of the defendant against the lessor of the plaintiff in the county court; that the report of the commissioners was duly confirmed and final judgment rendered; and the lessor of the plaintiff afterwards obtained a grant from the State for the land which had been assigned to the defendant in severalty, alleging that the same was vacant. In the action of ejectment against the defendant she rested her right to recover on the grant. The defendant set up the judgment in the partition proceeding as an estoppel.Daniel, J., said: "If the land sought to be recovered by the plaintiff was embraced in the report of the commissioners, which report had been confirmed and final judgment rendered thereon, then we think the lessor *Page 345 
of the plaintiff, who had been a party to that judgment, was concluded, bound and estopped to controvert anything contained in it. The Legislature, by the act of 1789, gave to tenants in common of real estate the petition for partition (475) in the place of the ancient writ of partition. The final judgment at common law in a writ of partition runs thus, ideoconsideratum est quod partitio praedicta firma et stabilis inperpetuum teneatur. Thomas Coke, 700. And it was conclusive on the parties and all claiming under them. In Clapp v. Bronagham, 9 Cow., 569, the Court says that the judgment in partition, it is true, does not change the possession but it establishes the title, and in an ejectment must be conclusive. The judgment of the court adjudging a share to belong to one of the parties, and allotting it to him to hold in severalty, must be sufficient to authorize him to recover it as to all the parties to the record — the judgment is as to them an estoppel. The act of 1789 gives the same force to a final judgment in a petition for partition of real estate. It declares that the division, when made, shall be good and effectual in law to bind the parties, their heirs and assigns." Battle, J., in his note to this case, says: "The doctrine of estoppel as laid down in this case is clearly established." Chapter 47 of the Code is practically a re-enactment of the act of 1789. Mr. Freeman, in his work on Cotenancy, cites this case in support of the proposition that one of several heirs may be bound by a decree of partition, not only as to rights held by him at the time of partition, but also to the rights subsequently purchased of other heirs who were not parties to the partition, citing the case of Short v. Prettyman, 1 Houst., 334, in which it was expressly held by the Delaware Court that "The decree is binding and conclusive, not only as to the rights which the parties had in the premises at the time of the partition, but also as to the rights which they had subsequently acquired from other heirs of the premises who were not parties to the partition, and were not bound by the admissions or the decree establishing it." (476)
The Supreme Court of Missouri, in Forder v. Davis, 38 Mo., 107, says: "We decide nothing here now concerning the rights of any stranger to the partition or of any person not a party thereto. But in reference to this plaintiff we think this judgment operates as a bar against him at law, not only in respect of the estate and title which he then had, but in respect of any title which he might thereafter acquire. There is here no covenant of warranty by deed; but there is such a thing as an estoppel in pais and by matter of record, which, like an estoppel by deed, may have the effect to pass an after-acquired title by *Page 346 
operation of law. The partition establishes the title, severs the unity of possession and gives to each party an absolute possession of his portion. A partition is sometimes altogether the act of the parties rather than the act of the law. The binding and conclusive judgment is, in its very nature, very much like the old livery of seizin under a feoffment, which was matterin pais, or like a fine or a common recovery, which was matter of record; and these ancient assurances were of that solemnity and high character that they not only passed an actual estate and divested what title the party then had, that operated by way of estoppel to pass all future estate and possibility of right which he might thereafter acquire. Shep. Touchstone, 2-6; 204-6; Rawle on Cov. Title, 402. And we see no good reason why this solemn judgment in partition, which the statute declares shall be firm and effectual forever, should not be allowed to have the same operation against all parties to the record." See also Rich v. Holmes, 5 Rich. Eq., 540. These authorities would seem to establish the law as laid down in Mills v.Witherington, supra.
There is another view, however, of the case which we think equally conclusive. Mr. Freeman says that "The preponderance of the authorities is probably in favor of the theory that (477) as each co-tenant who has been evicted after compulsory partition may call upon his co-tenants to contribute their proportions of his loss, each of them is, by his obligation of warranty, estopped from asserting any independent adverse title to the properties assigned to the others." Freeman on Co-tenancy, sec. 533. Mr.Washburn thus states the doctrine: "Where partition has been made by law each partitioner becomes a warrantor to all the others, to the extent of his share, so long as the privity of estate continues between them. And inasmuch as a warrantor cannot claim against his own warranty no tenant, after partition made, can set up an adverse title to the portion of another for the purpose of ousting him from the part which has been parted off to him. When partition has been made the tenant, to whom a part has been set out, is regarded in law as a purchaser for value of the same." Wash. R. P., 723. In Venable v. Beauchamp, 3 Dana, 321; 28 Am. Dec., 74, the question is discussed by Marshall, J., and a valuable note is attached by Mr. Freeman. The learned justice says: "But a further and, as we think, a conclusive evidence of the relation subsisting after partition is furnished by the universal acknowledgment and assertion of the principle that to every partition the law annexes an implied warranty. The implied warranty which the law annexes to the partition is, it is true, in many respects special. It is so not only with regard to the person or persons who may *Page 347 
take advantage of it, but also with regard to the amount of the recompense. . . . The principle being that the loss shall be equally borne by the parties making the partition, and the effect that the losing party may have a re-partition. But although the effect of the warranty is limited as to the extent of the recompense and the manner in which it is to be made, it is not limited as to the land warranted. It embraces the whole of the land allotted to the warrantee in the partition. (478) As the law makes each partitioner the warrantor of the other as to the extent of the portion allotted to him, whether there be an express warranty in the deed or not, and as no principle is better settled at common law than that a warrantor is barred or estopped to claim against his own warranty, it seems clearly to follow that no party to a partition can be permitted to assert an adverse title for the purpose of ousting another party from his portion, allotted to him by the same partition, though there be no express warranty in the deed." We quote this language at length as it meets the very ingenious suggestion of the defendant's counsel that the implied warranty should not operate as an estoppel, because in the event of the eviction by a stranger the defendant will only be liable to the plaintiffs for one fifty-fourth of the value of the whole land, therefore he should be estopped only to that extent. The effect of a warranty as an estoppel upon the warrantor is so fully and ably discussed by Mr. Justice Walker in Hallyburton v. Slagle, 132 N.C. 957, that we deem it unnecessary to do more than to refer to his opinion in that case.
We have examined with care every case cited by the defendant's counsel, and while some of them do lay down the law as contended by him they are based upon constructions of statutes, as in Massachusetts. Those not thus distinguished are not in harmony with the best considered authorities and decided cases. We therefore conclude that by the judgment in the special proceeding for partition the defendant is estopped to assert his after-acquired title against the plaintiffs. It is immaterial whether this conclusion is based upon the first proposition or the last, as they bring us to the same result and are consistent with each other. His Honor should have instructed the jury in accordance with the plaintiff's prayer, and for error in failing to do so, there must be a (479)
New trial.