JAMES J. BAILEY, JR., v. FANNIE BAILEY MITCHELL ET AL.

(Filed 20 December, 1919.)

**1. Judgments—Estoppel—After Acquired Property—Tenants in Common —Parties.**

Where the four children and heirs at law of a fifth child were tenants in common of the lands of their deceased father, and in proceeding to partition the lands among themselves and a purchaser from one of them, all persons in interest had been made parties, the adjudication in a former adverse action, in which the heirs at law of the deceased child had not been made parties, that the interest of each was an undivided one-fourth, will not conclude the court, in the present proceedings, as to the one-fifth interest not formerly represented, or estop one of the children from showing that he had subsequently acquired the interest of two others of them as formerly ascertained, proportionately reduced to the extent of the additional interest presently represented.

**2. Instructions—Evidence—Deeds and Conveyances—Tenants in Common.**

Where a purchaser from a tenant in common of lands, sets up, in partition proceedings, that he is also the sole owner of a definite part thereof under a deed, and it is controverted whether the deed covered only this separate part, a requested instruction to the effect that the purchaser was the owner in fee of this particular land, and not a tenant in common with the others, in the entire tract, is properly refused.

CLARK, C. J., concurring.

APPEAL by defendant from *Ray, J.,* at the June Term, 1919, of BUNCOMBE.

This is a proceeding for the partition of land.

James Bailey, Sr., died on........day of................................, seized in fee of said lands, which were afterwards designated on a certain map as B, C, and D, leaving surviving him the following heirs: (1) James J. Bailey, a son; (2) Aisley Bailey-O'Neal, a daughter; (3) Charlotte Bailey-Scales, a daughter; (4) Ellen Hall, the only daughter of Ellen Smith, the deceased daughter of James Bailey, Sr.; (5) Fannie Bailey-Mitchell, a grandchild, and five others, the last six children and heirs at law of Jones Bailey, the deceased son of James Bailey, Sr.

Afterwards a proceeding was instituted to foreclose a tax lien under which the defendant, Justice, took a deed, which he claims conferred title on him to lot D.

He also bought the interest of Ellen Hall and took deed therefor under which he claims a one-fourth interest in said lands.

Afterwards James Bailey, Jr., brought an action against the defendant Justice to recover possession of a part of said lands, and in this action a judgment was rendered in March Term, 1917, in Buncombe Superior Court, adjudging that James Bailey, Jr., was the owner of an undivided one-fourth interest of said lands, Aisley O'Neal to an undivided one-fourth, Charlotte Scales to an undivided one fourth, and the defendant Justice to an undivided one-fourth.

An appeal was taken from this judgment by the defendant Justice, and the judgment was affirmed. See 174 N. C., 754.

James Bailey, Jr., then bought the interest of Aisley O'Neal and Charlotte Scales, two of the heirs, and this proceeding for partition was instituted, to which the heirs of Jones Bailey, who were not parties to any of the former actions or proceedings, were made parties defendant.

The defendant Justice moved for judgment upon the pleadings, which was denied, and he excepted.

He also requested his Honor to give the following exception to the jury, which was denied, and he excepted:

"That as to lot D the same remained as a part of the estates of James Bailey, Sr., undisposed of until one Mooney brought a proceeding in the Superior Court of Buncombe County to foreclose a tax lien on said lot, and that said Mooney caused a summons from said court to be served on said defendants named therein, and duly verified and filed his complaint in said action. And thereafter duly obtained judgment by default for the want of an answer in said action, decreeing a sale of said lot and appointing a commissioner, one D. M. Luther, to make the sale; that the said commissioner duly made sale to defendant Justice, and executed to him a deed for said lot. And that by virtue of the said action and the proceedings therein, and the said deed of conveyance, the said defendant became the owner in fee simple and seized in fee thereof."

The jury returned the following verdict:

"1. Are the plaintiff and defendant tenants in common of the lands described in the petition as lots 'B' and 'C'?   Answer: 'Yes.'

"2. What is the interest of the plaintiff, James J. Bailey, in said lands?   Answer: 'Three-fifths (3/5).'

"3. What is the interest of the defendant, W. T. Justice, in said lands? Answer: 'One-fifth (1/5).'

"4. What is the interest of the heirs at law of Jones Bailey in said lands?   Answer: 'One-fifth (1/5).'

"5. Are the plaintiff and defendant tenants in common of the lands described in the petition as lot 'D'?   Answer: 'Yes.'

"6. What is the interest of the plaintiff, James J. Bailey, in said lands?   Answer: 'Three-fifths (3/5).'

"7. What is the interest of the defendant, W. T. Justice, in said lands? Answer: 'One-fifth (1/5).'

"8. What is the interest of the heirs at law of Jones Bailey in said lands?   Answer: 'One-fifth (1/5).'

"9. Did the defendant, W. T. Justice, enter upon and damage the said lands, as alleged in the reply?   Answer: 'No.'

"10. If so, what is the amount of said damage?   Answer: 'No.'

"11. What amount, if any, is the defendant, W. T. Justice, entitled to recover for the alleged payment of taxes by him of lot 'D'?   Answer: 'No.'

"12. Were the defendants, James J. Bailey, Jr., and his mother, Rebecca Bailey, served with the summons in the case entitled J. Mooney v. James J. Bailey, Jr., and Rebecca Bailey, brought to the July Term, 1901, of the Superior Court of Buncombe County?   Answer: 'No, as to J. J. Bailey, Jr.' "

Judgment was entered in accordance with the verdict, and the defendant Justice appealed.

*Mark W. Brown for plaintiff.*
*W. P. Brown for defendant.*

ALLEN, J.   The motion of the defendant Justice for judgment upon the pleadings is upon the ground that as James Bailey bought the interest of his two sisters after the former judgment in which it was adjudged that James, Aisley, Charlotte, and Justice was each entitled to a one-fourth interest in the land; that he was estopped to deny that he, Justice, was the owner of such one-fourth interest, and for this position he relies on *Carter v. White,* 134 N. C., 466, but this is a misapprehension of that decision.

In *Carter v. White* it was adjudged in an action of trespass that the defendant was the owner of one-fifty-fourths of a tract of land, and the

plaintiffs the owners of fifty-three-fifty-fourths thereof, and it was held in a subsequent proceeding for partition that this judgment estopped the defendant from setting up an after-acquired outstanding title, which, if allowed, would have defeated the effect of the former judgment, while in this action James Bailey has simply bought the shares of his two sisters as they were adjudged to be in the former action, and his purchase in no way affects the defendant Justice.

Again, the heirs of Jones Bailey were not parties to the former action, and cannot be bound by the judgment rendered therein, and the effect of the present judgment is to superimpose their interest on the shares of James Bailey and Justice alike. In other words, the former judgment was rendered upon the fact as it then appeared, that there were only four heirs entitled to share in the estate, and in this judgment this error of the parties is corrected by giving the representatives of the fifth heir their share.

The instruction which his Honor refused to give was properly denied, as it was equivalent to a peremptory instruction to the effect that the defendant Justice was the owner of lot D under the deed secured in the proceeding to foreclose the tax lien, when it was a controverted question as to whether the deed covered lot D, and it seems to have been adjudicated in the former action that it did not do so.

*Judge Walker* says in the former opinion, 174 N. C., 754: "He recovered the one-fourth interest claimed by him, as the verdict and judgment will show, but the presiding judge was of the opinion, and so held, that he had not offered evidence sufficient to locate the land bought by him at the tax foreclosure sale."

It is is also found by the jury that James Bailey was not served with summons in the foreclosure proceeding and the heirs of Jones Bailey were not parties thereto.

These are the only exceptions discussed in the brief of counsel, and upon the whole record we find

No error.

CLARK, C. J., concurring: In *Carter v. White,* 131 N. C., 14, it was held by *Cook, J.,* for a unanimous Court, that a "judgment in partition proceedings allotting a defendant his share in severalty does not prevent his claiming an undivided interest with the plaintiff under an after-acquired title from one not a party to the action, in an ejectment or partition proceedings." On another appeal in the same case, *Carter v. White,* 134 N. C., 466, the former decision was overruled by a divided Court, it being then held that "A judgment in a partition proceeding determining the respective interests of parties thereto is binding on said parties as against an after-acquired title." It has been held in *Harrison*

*v. Ray,* 108 N. C., 215; 11 L. R. A., 722; 23 Am. St., 157, that "in voluntary actual partition the deeds convey no title, but simply ascertain by metes and bounds the interest of each." This has been often cited since. See cases in 134 N. C., at p. 480, and in citations to that case in Anno. Ed.

In 21 A. and E., 1193, it is said that, "Both in voluntary and judicial partition the decree does not create or divest any title to or other right in the property, but merely severs the unity of possession and determines the share which each tenant is entitled to possess in severalty."

Practically, though not expressly, the first decision in *Carter v. White,* 131 N. C., 14, has been reinstated in *Weston v. Lumber Co.,* 162 N. C., 169-173. This last case has been cited with approval in *Olds v. Cedar Works,* 173 N. C., 166-167, and *Stallings v. Walker,* 176 N. C., 323.

But, independent of that, *Carter v. White* has no application to this case, for here Jones Bailey and his children were not parties to the former proceeding in partition, and are not bound thereby. They have not been deprived by the former proceeding of their interest in this land, and have a right to have their one-fifth interest now allotted and set apart; to be superimposed, so to speak, upon the former partition, which will result in taking one-twentieth from W. T. Justice, who was formerly allotted one-fourth of the land; and four-twentieths from James J. Bailey, who, claiming under the former partition, was entitled to three-fourths, which is now reduced by the claims of the heirs of Jones Bailey to three-fifths; while the former allotment of one-fourth, which Justice holds under the former partition, will be reduced to one-fifth.