Civil action (1) in which judgment was entered at 16 March, 1942, Term of Superior Court of Guilford County, North Carolina, divorcing plaintiff and defendant from the bonds of matrimony existing between them on the ground of two years' separation, and awarding to plaintiff the custody of Jerry Lynnwood Walker, the minor child of plaintiff and defendant, and (2) in which defendant, after notice to plaintiff, now Alice Royal, files petition in the cause for the custody of said child.
Upon hearing on this petition before the judge resident of and holding the courts of the 12th Judicial District on 31 July, 1944, at courthouse in Greensboro pursuant to notice, as aforesaid, the parties being present in person and represented by counsel, and being heard upon the pleadings and evidence offered, the court finds these facts:
"(1) That the custody of Jerry Lynnwood Walker was awarded to his mother, the respondent, in a divorce action which was tried in the Superior Court of Guilford County on the 16th day of March, 1942.
"(2) That prior to the divorce action, to wit: on the 18th day of October, 1935, the petitioner and the respondent entered into a separation agreement by the terms of which the petitioner, among other things, obligated himself to pay the respondent the sum of $3.00 per week for the support and maintenance of Jerry Lynnwood Walker.
"(3) That thereafter, during the year 1937, the petitioner was indicted in the Municipal County Court in the City of Greensboro for the non-support of the said Jerry Lynnwood Walker, and that upon the verdict of guilty on said charge, the defendant herein was given a suspended sentence conditioned upon payment of the sum of $3.00 per week for the support of said Jerry Lynnwood Walker. *Page 752 
"(4) That from the evidence offered at the hearing on the motion and petition of the petitioner, it appeared that the petitioner on occasions has failed and neglected to make the payments required to be made by him.
"(5) That the petitioner is a resident and citizen of Portsmouth, Virginia, and the respondent is a resident and citizen of Christiansburg, Virginia.
"(6) That Jerry Lynnwood Walker, the son of the petitioner and respondent resides with his grandparents, Mr. and Mrs. Judd Hickman in Harnett County, North Carolina, and that said grandparents of the said Jerry Lynnwood Walker are persons of excellent character in comfortable circumstances, and that said Jerry Lynwood Walker is receiving kind, careful and proper consideration from his said grandparents; that he has been regularly sent to school and is in every way, being well provided for.
"(7) That the respondent, the mother of the said Jerry Lynnwood Walker, was and is a fit person to have the legal custody of her said child, the said Jerry Lynnwood Walker.
"(8) That the petitioner offered evidence of his present good character and further that he is now profitably employed in a lawful and gainful occupation; that he is financially able to support said child.
"(9) That both the petitioner and the respondent have re-married and that each of them maintains a home at the places where they now reside."
Upon these findings of fact, being of opinion (a) that the plaintiff, as respondent to motion in the cause, is "a fit and proper person to have the legal custody of the said Jerry Lynnwood Walker continued in her," (b) "that the best interest of said child requires that" he "be permitted to continue to reside with his grandparents, Mr. and Mrs. Judd Hickman, in Harnett County, North Carolina, (c) that defendant, as petitioner in the cause, "should be required to continue to make payments each week in the sum of at least $3.00 to Judd Hickman for the support of the said child," (d) "that said Jerry Lynnwood Walker should be allowed to visit each the petitioner and the respondent for at least one week during the year at such time as will least interfere with the education and training of said child, and is most convenient to his grandparents, Mr. and Mrs. Judd Hickman," and (e) "that both the petitioner and the respondent should have the right to visit said child at the home of his said grandparents at reasonable hours and on reasonable occasions," the court accordingly entered on 2 August, 1944, order, (1) "that the legal custody of said Jerry Lynnwood Walker be and the same is hereby continued in the respondent, the mother of the child,' (2) "that said child continue to live in the home of Mr. and Mrs. Judd *Page 753 
Hickman, his grandparents in Harnett County, North Carolina," (3) "that both the petitioner and the respondent be permitted to visit said child in the home of his grandparents at reasonable hours and on reasonable occasions," (4) that said child be allowed to visit his father, the petitioner, and his mother, respectively, as, and under conditions specified in detail, "upon the giving of a bond in the penal sum of $200.00 on the part of the petitioner and the respondent conditioned upon the safe return of said child to the home of his grandparents in Harnett County and to the jurisdiction of the courts of North Carolina," and (5) "that the petitioner continue to make payments of at least $3.00 per week for the support and maintenance of the said Jerry Lynnwood Walker, and that said payments be made directly to Judd Hickman."
The defendant, father of the child, as petitioner in the cause, appeals to Supreme Court, and assigns error.
This is the question posed by appellant: "Did the presiding judge err, in his discretion, in awarding custody of the child in question to the respondent?"
To this question the statute, G.S., 50-13, formerly C. S., 1664; Revisal, 1570, Code, 1296, in language and as applied in decisions of this Court, affords a negative answer. See Setzer v. Setzer, 129 N.C. 296,40 S.E. 62; Sanders v. Sanders, 167 N.C. 317, 83 S.E. 489; Story v.Story, 221 N.C. 114, 19 S.E.2d 136. This statute provides that: "After the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both before and after final judgment therein, it is lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper, and from time to time to modify or vacate such orders, and may commit their custody and tuition to the father or mother, as may be thought best . . ." Applying this statute, the decisions of this Court hold that the question of granting the custody and tuition of the child to the father or mother is discretionary with the court. Setzer v. Setzer, supra;Sanders v. Sanders, supra; and Story v. Story, supra. The welfare of the child is the paramount consideration, or, as stated In re Lewis, 88 N.C. 31, "the polar star by which the discretion of the court is to be guided."
In the present case, upon the facts found, the best interest of the child expressly appears as the polar star by which the discretion of the court was guided. *Page 754 
Furthermore, in providing for the child to remain within and subject to the jurisdiction of the courts of this State, there is no abuse of discretion.
Affirmed.