MICHAEL K. GRIFFIN v. MARIE S. GRIFFIN

No. 8615DC118

(Filed 1 July 1986)

1. **Divorce and Alimony § 25.3— child custody with father—contrary to children's
wishes—no abuse of discretion**

The trial court did not abuse its discretion in a child custody action by
granting primary custody to the father contrary to the expressed wishes of
the children where the trial court clearly considered the wishes of the children
and expressed its opinion that, with attempts by both parties to manipulate
the children, the validity of the children's feelings as expressed to the court
was questionable.

2. **Divorce and Alimony §§ 25.3, 25.7— child custody—failure to determine when
children would choose custodial parent—no error**

The trial court did not err in a child custody action by failing to make a
positive determination of when and how the children could make a choice as to
their custodial parent where the court expressed its hope for a more stable
and peaceful future for the children. A change of custody would have to be
made pursuant to a new motion in the cause and in consideration of changed
circumstances. N.C.G.S. § 50-13.7 (1984).

3. **Divorce and Alimony § 25.3— custody—temporary ex parte order—dissolved at hearing—moot**

Assignments of error concerning the validity of an *ex parte* order for temporary child custody which lasted one week and which was dissolved at the hearing were moot.

4. **Appeal and Error § 45.1— child custody—findings alleged not supported by evidence—request for de novo review**

An assignment of error in a child custody action contending that there was insufficient evidence to support thirty-two findings of fact but which only asked for a *de novo* review without arguing the exceptions violated Rule 28(b)(5) of the Rules of Appellate Procedure.

5. **Divorce and Alimony § 25.3; Evidence § 34.5— child custody—statements of children—admissible as state of mind**

There was no prejudice in a child custody action from the trial court's exclusion of testimony dealing with statements the children had made concerning intimidation by their father and their desire to live with their mother. The state of mind of the children was a relevant issue; however, the children voiced these fears and concerns in an interview with the court. N.C.G.S. § 8C-1, Rule 803(3).

APPEAL by defendant from *Peele, Judge.* Judgment entered 18 October 1985 in ORANGE County District Court. Heard in the Court of Appeals 5 June 1986.

Plaintiff husband filed a complaint on 7 February 1985 requesting absolute divorce from defendant and custody of the two minor children. Defendant answered and counterclaimed for custody of the children, child support and equitable distribution. Judgment of absolute divorce was entered on 20 June 1985.

The matter of custody was set for hearing on 14 August 1985. On 5 August 1985 plaintiff obtained an *ex parte* temporary custody order awarding him custody of the children for a week pending the hearing. Defendant filed a motion to quash the order, but no ruling was entered. After the trial court heard evidence on the matter of custody, it granted joint legal custody to the parties with primary custody granted to plaintiff husband. Defendant appealed.

*Lewis & Associates, by Susan H. Lewis, for plaintiff-appellee.*

*James T. Bryan, III for defendant-appellant.*

WELLS, Judge.

[1]  In her first assignment of error, defendant contends that the trial court abused its discretion in entering an order which failed to give sufficient weight to the testimony of the children in light of their ages. It is a well-recognized principle of the law in this State that the trial court has broad discretion in matters of child custody. *In re Peal*, 305 N.C. 640, 290 S.E. 2d 664 (1982). *Falls v. Falls*, 52 N.C. App. 203, 278 S.E. 2d 546, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981). Another accepted principle is that the wishes of a child of sufficient age to exercise discretion in choosing a custodian are entitled to considerable weight when the contest is between the parents, but these wishes are not controlling. *Peal, supra; Hinkle v. Hinkle*, 266 N.C. 189, 146 S.E. 2d 73 (1966). Some ten pages in the transcript are devoted to the trial court's interview with the children to determine their wishes. The trial court found as fact that:

> The Children have expressed a desire to live with the mother to Dr. White, Jim Huegerich (the police social worker), and to another friend. There is no question about this. The question is whether the Court should honor this request and whether the Children are in a position to make this decision.

The court expressed its opinion that, with attempts by both parties to manipulate the children, the validity of the children's feelings as expressed to the court was questionable. The trial court clearly considered the wishes of the children and we find no abuse of discretion in its decision to grant primary custody to the father.

[2]  Defendant next contends that the court erred in failing to make a positive determination of when and how the children can make a choice as to their custodial parents. This is a reference to a finding of fact which reads:

> [the children] need a period without prodding and without stress, so they can relax, and at a later time, make their choice as to the parents.

The trial court here is merely expressing its hope for a more stable and peaceful future for the children and clearly is not promising that, at some definite future date before majority, the

children will be allowed to choose their custodians. Such a change of custody would have to be made pursuant to a new motion in the cause and in consideration of changed circumstances. N.C. Gen. Stat. § 50-13.7 (1984). When there is no objective measurement of how circumstances will change, a finding of changed circumstances can only be made by examining the evidence contemporaneously with the new motion in the cause. *See, e.g., Falls v. Falls, supra.* This assignment is overruled.

[3] Defendant's next two assignments concern the validity of granting plaintiff's *ex parte* order for temporary custody and the trial court's refusal to rule on defendant's motion to quash. The temporary order lasted one week and was dissolved at the opening of the hearing on 14 August 1985. This issue is moot; therefore, these assignments are overruled.

[4] Defendant next contends that there was insufficient evidence to support thirty-two of the trial court's findings of fact. This assignment of error does not argue the exceptions but only asks for a *de novo* review of each one. This is a violation of Rule 28(b)(5) of the Rules of Appellate Procedure. Moreover, we have carefully reviewed the record and found each of the questioned findings to be supported by evidence in the transcript. This assignment is overruled.

[5] In her final assignment of error, defendant contends that the trial court erred in excluding the testimony of two witnesses as to the states of mind of the two children. The excluded testimony dealt with statements made by the children to the witnesses concerning the children's intimidation by the father and desire to live with the mother. Defendant argues that these statements were admissible as a hearsay exception under N.C. Gen. Stat. § 8C-1, Rule 803 of the Rules of Evidence because the statements showed the children's state of mind. Rule 803 provides in pertinent part:

> Hearsay exceptions; availability of declarant immaterial.

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> .  .  .

> (3) Then Existing Mental, Emotional, or Physical Condition. — A statement of the declarant's then existing state of mind [or] emotion. . . .

This rule is virtually identical to the federal rule. *See* Commentary, Rule 803. Evidence tending to show state of mind is admissible as long as the declarant's state of mind is a relevant issue and the possible prejudicial effect of the evidence does not outweigh its probative value. Weinstein's *Evidence* § 803(3)[03] (1984); Graham, *Handbook of Federal Evidence* § 803.3 (2d ed. 1986). As previously discussed, the state of mind of the children is a relevant issue. *Hinkle v. Hinkle, supra.* This evidence was admissible and its exclusion constituted error on the part of the trial court. However, in a transcribed interview with the children, they voiced these fears and desires to the court, which took them into account in its decision. The excluded evidence was thus cumulative and its exclusion is held to be without prejudicial effect.

The decision of the trial court is

Affirmed.

Judges ARNOLD and BECTON concur.