STATE OF NORTH CAROLINA v. ENRIQUE HERNANDEZ

No. COA09-947

(Filed 2 February 2010)

**1. Evidence— hearsay—state of mind exception—prior crimes or bad acts**

The trial court did not err in a first-degree murder case by allowing the State to introduce alleged hearsay testimony about defendant's other bad acts because the pertinent statements concerned defendant's previous violence toward the victim, were not offered to prove the facts asserted, and were introduced only to show the victim's state of mind. Even if admission of the testimony was error, defendant failed to show prejudice given the overwhelming evidence of defendant's guilt.

**2. Homicide— first-degree murder—short form indictment**

A short form indictment was sufficient to charge defendant with first-degree murder.

Appeal by defendant from judgment entered 12 February 2009 by Judge Richard L. Doughton in Alleghany County Superior Court. Heard in the Court of Appeals 12 January 2010.

**STATE v. HERNANDEZ**

[202 N.C. App. 359 (2010)]

*Attorney General Roy Cooper, by Assistant Attorney General Leonard G. Green, for the State.*

*Russell J. Hollers, III, for defendant-appellant.*

BRYANT, Judge.

During the 9 February 2009 criminal session of Alleghany County Superior Court, a jury found defendant Enrique Hernandez guilty of first-degree murder. The trial court sentenced defendant to life in prison without the possibility of parole. Defendant appeals. As discussed herein, we find no error.

*Facts*

The evidence at trial tended to show the following. In early July 2006, eighteen-year-old Amy Reese of Cleveland, Ohio came to Alleghany County to visit her mother, Norma Musick. Accompanying her on this visit was her boyfriend, defendant. On 14 July 2006, defendant angrily confronted Reese over her plans to visit Statesville without him. Defendant told Reese that if she "was going to see somebody that he would kill me." Reese did not go to Statesville and, later that day, told her mother that defendant was wanted in Chicago for an attempted knife assault on his baby's mother and that she wanted him to leave their house. Reese also told her mother that she had previously tried to leave defendant but that he had stalked her and dragged her by her hair. That evening, defendant and Reece argued after defendant found a letter Reece had written to him, telling him to leave. Musick last saw her daughter at about 5:00 a.m. the following morning, 15 July 2006, when defendant and Reese's stepfather helped another person with a wrecked car, and Musick went to bed. Defendant and Reece's stepfather returned home at about 7:00 a.m. Around 9:00 a.m., Reese's sister saw defendant carrying two bags out of the home. At approximately 11:00 a.m., Musick went to look for her daughter in the basement and saw a blanket covering a pool of blood. She immediately called the sheriff, who discovered Reese's body under the blanket. Reese had been stabbed to death.

Law enforcement officials stopped defendant later that day at a bus stop in Virginia. After questioning, defendant admitted having stabbed Reese. Defendant stated that Reese had pretended to be sleeping that morning and then attacked him with a knife. Defendant stated that he grabbed the knife from Reese and then "snapped" and stabbed her multiple times. Defendant then threw the knife and his

STATE v. HERNANDEZ

[202 N.C. App. 359 (2010)]

bloody shoes away in the woods. Defendant claimed that he had loved Reese and had not meant to kill her.

Defendant made three assignments of error but brings forward only two in his brief to this Court: the trial court erred in (I) allowing the State to introduce hearsay testimony about defendant's other bad acts, and (II) denying his motion to dismiss the "short-form" murder indictment against him. As discussed below, we find no error.

*I*

**[1]** Defendant first argues the trial court erred in allowing the State to introduce hearsay testimony about defendant's other bad acts. We disagree.

Here, the prosecutor asked Musick, the victim's mother, to tell the jury what Reese had said about defendant. Musick replied, "That she wanted to leave him and that he was wanted in Chicago—for attempting to cut his baby's mama." Defendant objected and requested a limiting instruction; the trial court told the jury that this testimony could only be considered evidence of Reese's "mental, emotional or physical condition, state of mind of the alleged victim." Later, the prosecutor asked Musick about "an occurrence in Cleveland" between Reese and defendant, and she replied, "That they had been working in a store together, that he had been stalking her, she was leaving to get away from him. That she was across the street from where he lived, that he came over there and he was dragging her back by the hair." Defendant again objected and the trial court gave the same limiting instruction as before.

Defendant contends that because these statements by Reese to her mother were mere factual recitations unaccompanied by emotion, they could not be admitted under the "state of mind" hearsay exception in Rule 803(3). N.C. Gen. Stat. 8C-1, Rule 803(3) (2009). In support of his contention, defendant cites *State v. Marecek*, 130 N.C. App. 303, 502 S.E.2d 634, *disc. review denied*, 349 N.C. 532, 526 S.E.2d 473 (1998), but we find that case distinguishable. In *Marecek*, we reversed and remanded, holding that certain hearsay "statements were inadmissible because they were not statements of emotion, but were mere recitation of facts and were totally without emotion, and were offered to prove the facts asserted, i.e. that the defendant was having an affair with his cousin, that the defendant was spending too much money, that the defendant had purchased a life insurance pol-

icy that they did not need, etc." 130 N.C. App. at 306-07, 502 S.E.2d at 636 (internal citation and quotation marks omitted). The statements at issue here concern defendant's previous violence toward the victim and were not offered to prove the facts asserted but only to show that Reese was afraid of defendant and what he might do if she tried to leave him.

The facts before us here are more analogous to those in *State v. Carroll*, 356 N.C. 526, 543, 573 S.E.2d 899, 910 (2002), *cert. denied*, 539 U.S. 949, 156 L. Ed. 2d 640 (2003). In *Carroll*, the victim's mother was allowed to testify about statements the victim made to her:

> [The] Defendant and Whitted [the victim] were living together in her trailer. The statements demonstrated that Whitted was upset and wanted [the] defendant to leave because Whitted was tired of defendant taking her money to buy drugs. Although she had asked him to leave, [the] defendant remained. One day after Whitted's second statement to McNeil and six days after her first statement to McNeil, [the] defendant beat and strangled Whitted in her home. Viewed in this context, the statements clearly indicate difficulties in the relationship prior to the murder. Accordingly, the statements are admissible not as a recitation of facts but to show the victim's state of mind.

*Id.* Similarly, here, defendant was living with Reese at her mother's home and, on the very day he threatened to kill her, she told her mother that she wanted defendant to leave because he had tried to harm his baby's mother. Reese also told her mother that she had previously tried to leave defendant, but that defendant had stalked and physically attacked her. Defendant admitted to police that, the morning following these statements, he stabbed Reese to death. As in *Carroll*, viewed in context, "the statements clearly indicate difficulties in the relationship prior to the murder. Accordingly, the statements are admissible not as a recitation of facts but to show the victim's state of mind." *Id.*

Even if the admission of Musick's testimony was error, defendant has failed to show prejudice.

> Evidence tending to show a declarant's state of mind is an exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(3) (1986). The evidence is admissible when the state of mind of the declarant is relevant and its probative value is not outweighed by the potential for prejudice. *Griffin v. Griffin*, 81 N.C. App. 665, 344 S.E. 2d

828 (1986). However, the failure of a trial court to admit or exclude this evidence will not result in the granting of a new trial absent a showing by defendant that a reasonable possibility exists that a different result would have been reached absent the error. *State v. Hickey*, 317 N.C. 457, 346 S.E. 2d 646 (1987).

*State v. Weeks*, 322 N.C. 152, 170, 367 S.E.2d 895, 906 (1988). Defendant's entire argument about prejudice is that the testimony "must have had some effect on the jury's decision to discount Mr. Hernandez's claims of self-defense and lack of specific intent to kill." We disagree. In his statement to law enforcement officers, defendant admitted that he stabbed Reese after he grabbed the knife from her and snapped. The medical examiner testified that Reese was stabbed six times. Defendant did not attempt to aid Reese after the stabbing and, instead, fled the home and left her in a pool of blood under a blanket. Defendant did not testify at trial, but even his statement to officers does not support his claims of self-defense and a lack of specific intent. The evidence against defendant was overwhelming, and we see no reasonable possibility that, absent the two sentences of challenged testimony by Musick, the jury would have reached a different result. This assignment of error is overruled.

*II*

[2] Defendant next contends the trial court erred in denying his motion to dismiss the "short-form" murder indictment against him. However, as defendant acknowledges, our Supreme Court has consistently rejected this argument. *See, e.g., State v. Duke*, 360 N.C. 110, 141, 623 S.E.2d 11, 31 (2005), *cert. denied*, 549 U.S. 855, 166 L. Ed. 2d 96 (2006). This assignment of error is overruled.

No error.

Judges JACKSON and HUNTER, Jr., Robert N., concur.