JANE GRAY SAPP FINLEY v. GEORGE M. SAPP.

(Filed 12 June, 1953.)

**1. Divorce § 17—**

The procedure for determining the right to custody of a child as between its parents who have been divorced by a decree of another state is governed by G.S. 50-13.

**2. Divorce § 19—**

Findings of the trial court, upon supporting evidence, that both the father and mother are of good character and fit and suitable persons to have the custody of their child, and further that the best interests of the child would be served by granting its custody to the mother, support judgment awarding the custody to the mother. The natural right of a father to the custody of his child does not limit the discretionary power of the court under the statute which makes the paramount consideration the best interests and the general welfare of the child. G.S. 50-13.

**3. Same—**

The fact that at the time of separation the wife agrees that the husband should have custody of their child is not binding upon the court in a subse-

quent contest between them for the custody of the child after divorce and the remarriage of each of them.

APPEAL by respondent Sapp from Clement, J., at Chambers, 7 May, 1953, FORSYTH. Affirmed.

This was a special proceeding under G.S. 50-13 to determine the custody of Jean Elizabeth Sapp, child of the marriage between petitioner and respondent.

Petitioner and respondent were married in 1940. The child was born in 1942. The parents separated in 1949, and in 1950 petitioner obtained an absolute divorce from respondent in the State of Arkansas. Petitioner has since married Floyd L. Finley, and she and her present husband are now residents of Forsyth County. The respondent has also married again and is living in Guilford County. At the time of the separation between petitioner and her husband, it was agreed between them that the child should remain in the custody of her father, and since then she has been living with her paternal grandparents.

There was evidence of the good character of petitioner and of respondent.

The court found facts and rendered judgment as follows:

"That on October 5, 1940, the plaintiff, Jane Gray, married the defendant, George Sapp, and on the 12th day of January 1950, the said Jane Gray Sapp obtained an absolute divorce from the defendant in the State of Arkansas, and that since said time both the plaintiff and the defendant have remarried, the plaintiff now living in or near Winston-Salem, N. C., with her second husband, and the defendant with his second wife living in Guilford County, N. C.; that the said plaintiff and defendant had one child, to-wit: Jean Elizabeth Sapp, now approximately ten years of age; that since the remarriage of the defendant the said child has been living with its paternal grandparents in Guilford County, and that since the said remarriage of the defendant said child has been in the custody and under the control of its paternal grandparents, with the defendant dropping in to see the said child frequently.

"The court further finds as a fact that the plaintiff is a woman of good character and is a fit and suitable person to have the custody and control of her said child, and that her home is a fit and suitable home in which to rear the said child; the court further finds as a fact that on account of the age and sex of the said child it would be for the child's best interests, health and general welfare to be with her own mother, and that at this particular time in the child's life she especially needs the care, love, watchfulness and concern of her own mother; and the court further finds as a fact that as between the child's own mother and paternal grandparents, that the mother is entitled to the custody of the said child. The court

also finds that the father is also a fit and suitable person to have the custody of said child.

"It is, therefore, ordered, adjudged and decreed that Jane Gray Sapp Finley be, and she is hereby, awarded the custody of her minor daughter, Jean Elizabeth Sapp, with the right of the defendant to see and have the said child at reasonable times and for reasonable periods of time so as not to interfere with the child's school work, and that the said defendant may have the said child on weekends, and may have her for eight weeks during vacation in the summer when the child is not in school."

The respondent appealed.

*Deal, Hutchins & Minor for petitioner, appellee.*

*F. L. Paschal, Robert H. McNeely, and James M. Hayes, Jr., for respondent, appellant.*

DEVIN, C. J. The parents of the child whose custody is now being contested were divorced by decree of an appropriate court in the State of Arkansas where petitioner was then residing. All the parties are now residents of North Carolina. Hence the procedure for determining the custody of the child is governed by the statute G.S. 50-13. *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884.

The able and experienced judge who heard all the evidence found the facts and thereupon adjudged that the custody of the little girl be awarded the mother who was found to be a woman of good character and fit and suitable to have the custody of her child. The court further found it would be for the child's best interest and general welfare to be with her mother. Provisions were made for the child to be with her father during school vacation. There was evidence to support these findings and the judgment based thereon.

The statute (G.S. 50-13) specifically provides that the court "may commit their custody and tuition to the father or mother, as may be thought best." And in *Walker v. Walker,* 224 N.C. 751, 32 S.E. 2d 318, *Justice Winborne,* speaking for the Court, used this language: "Applying this statute, the decisions of this Court hold that the question of granting the custody and tuition of the child to the father or mother is discretionary with the court (citing authorities). The welfare of the child is the paramount consideration, or, as stated *In re Lewis,* 88 N.C. 31, 'the polar star by which the discretion of the Courts is to be guided.'" *In re Alderman,* 157 N.C. 507, 73 S.E. 126; *Brake v. Brake,* 228 N.C. 609, 46 S.E. 2d 643; *Hardee v. Mitchell, supra; Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313.

The appellant assigns error in the judgment on the ground that the court having found that the father was also a fit and suitable person to

have custody of the child, the paramount right to the custody of his child was in him, citing *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144, and *Patrick v. Bryan,* 202 N.C. 62, 162 S.E. 207.

The *Patrick case* was a suit to recover damages for injury to a child, and the matter to which the decision related was the validity of a settlement agreed to by the father. In that connection it was said in the opinion of the Court that the father "is the guardian by nature of his child."

In *Tyner v. Tyner, supra,* the trial judge had found that the father was the proper person to have custody of his children, and that it was to the best interests of the children that he have such custody. This Court affirmed, and in the opinion was quoted the following from *Newsome v. Bunch,* 144 N.C. 15, 56 S.E. 509: "The father is, in the first instance, entitled to the custody of his child. But this rule of the common law has more recently been relaxed, and it has been said that where the custody of children is the subject of dispute between different claimants, the legal rights of parents and guardians will be respected by the courts as being founded in nature and wisdom. . . .; still, the welfare of the infants themselves is the polar star by which the courts are to be guided to a right conclusion, and therefore, they may, within certain limits, exercise a sound discretion for the benefit of the child."

Neither of these cases supports the view that the natural right of a father to the custody of his child should override the finding of the judge that the best interests of a little girl would be served by awarding her custody to her mother.

It also appears that in the case at bar the father does not propose to take the child into his own home but thinks her best interests would be served by permitting her to continue to reside with her grandparents. It cannot be said that the facts were found by the judge below under a misapprehension of the law. *Perkins v. Sykes,* 233 N.C. 147, 63 S.E. 2d 133.

The fact that petitioner agreed when the separation took place between her and her husband in 1949 that the custody of the child should remain with the father is not binding on the Court. *In re Alderman,* 157 N.C. 507, 73 S.E. 126; *S. v. Duncan,* 222 N.C. 11, 21 S.E. 2d 822; *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313. Doubtless there were other considerations than lack of maternal love which brought about this agreement on her part at that time.

We conclude that the findings below are supported by the evidence, and that the judgment thereon must be in all respects

Affirmed.