TALMADGE GRAY HINKLE v. OZELLE HODGES HINKLE.

(Filed 14 January, 1966.)

**1. Husband and Wife §§ 2, 10—**

The right of a married woman to support and maintenance is a property right which she may release by agreement executed in conformity with statute. G.S. 52-6.

**2. Husband and Wife § 10— The court may not order allowances in excess of those set forth in valid separation agreement.**

The parties to a valid separation agreement which makes complete and meticulous provision for the support and maintenance of the wife and

children of the marriage and for the custody of the children are remitted
to the terms of the agreement with respect to the rights and liabilities to
support and maintenance, although such agreement is not binding as to
the custody of the minor children, and therefore when the agreement
makes no provision therefor the court is without authority in a subsequent
action for divorce to direct that the husband pay the cost of transporting
the wife's goods to and from a municipality in another state to which she
had intended to move prior to the order in the divorce action that she
not take the children outside the jurisdiction of the court, notwithstand-
ing G.S. 6-21.

**3. Divorce and Alimony § 24—**

Where the court finds upon supporting evidence that both the mother
and father are fit and suitable persons to have the custody of the children
of their marriage and that the best interests of the children require that
their father have their custody, and awards custody to the father with
visitation rights in the mother, such order will be upheld, the question of
custody being addressed to the discretion of the trial court and its find-
ing being conclusive when supported by evidence.

**4. Estoppel § 3— Wife held estopped by record from asserting that
custody of children could be determined only on motion in prior
action.**

While an action for divorce from bed and board was pending, the
parties executed a separation agreement and contemplated that nonsuit
be taken in the divorce action, but through inadvertence this was not
done. Thereafter the husband instituted suit for divorce on the ground of
separation and alleged that the custody of the children was not involved.
The wife controverted the averment that custody was not involved and
prayed that the court award the custody of the children to her, and did
not assert that the court was without jurisdiction to award custody be-
cause of the pendency of the prior divorce action until after the court had
awarded custody to the husband. *Held:* On the record the wife is estopped
to assert the pendency of the prior action.

**5. Divorce and Alimony § 24—**

Where the children of the marriage are of the age of discretion, the
court may consult their wishes in regard to their custody, but their
wishes are only entitled to consideration and are not controlling, the con-
trolling factor remaining the best interests of the children, and therefore
the failure of the lower court to include a finding as to the preferences
of the minor children is insufficient to upset its order of award.

APPEAL by plaintiff and defendant from *Lupton, J.,* in Cham-
bers, 9 August 1965 Civil Session. From FORSYTH.

The chronology of events out of which these appeals arose is
as follows:

The plaintiff and defendant were married on 12 April 1952. Of
this union two children were born: Edna Melissa Hinkle on 16
February 1953, and Talmadge Gray Hinkle, Jr., on 17 September
1954. The family resided in Winston-Salem, North Carolina. On

7 December 1963, the father, the plaintiff herein, instituted an action in the Superior Court of Forsyth County for a divorce from bed and board and for the custody of the two children, to which an answer was filed. The case was never tried, but the parties thereto entered into a separation agreement on 5 April 1965. The plaintiff agreed to take a nonsuit in the divorce action but through oversight never did so. Under the terms of the separation agreement the custody of the two children was given to the defendant and a property settlement was provided for, pursuant to which agreement the plaintiff transferred to the defendant the home in Winston-Salem, where the family had lived, which, according to an affidavit filed by plaintiff, originally cost him $42,500, the family automobile, a Chrysler, and all the personal property in the home which the defendant wanted, plus the sum of $10,000 in cash. The plaintiff obligated himself in the separation agreement to pay the wife $200.00 per month for her support, and $250.00 per month for each child for the support, maintenance and education of such child until the respective children became 21 years of age. The agreement further provided that plaintiff should pay all medical expenses for the children in excess of $250.00 per year, and all outstanding debts of the wife at the time of the separation agreement in the approximate sum of $2,400. The wife agreed to convey all her right, title and interest in four lots which had been purchased and paid for by the plaintiff.

The separation agreement provided for certain visitation rights of the plaintiff and the right to have the children visit him. The agreement also contains the following provision:

"As a part of this Agreement the parties do each for himself and herself and his and her legal representatives release and absolutely and forever discharge the other from all claims and demands whatsoever, and from all rights of alimony, support, nurture, maintenance and from all action and causes of action of every name, kind and nature which either of the parties hereto now has or may hereafter have by reason of their intermarriage, it being expressly understood and agreed that from and after this date neither of the parties shall have any claim on the other, directly or indirectly, except as herein provided for. From and after this date, insofar as it is possible for the parties hereto to stipulate, covenant and agree, the relation of each of said parties shall be to the other in all things as if the intermarriage between them had never taken place, subject to the provisions of this Agreement."

On 7 July 1965, plaintiff instituted this action and filed a complaint in the Superior Court of Forsyth County for an absolute divorce on the ground of one year's separation. The complaint alleged: "The custody of the minor children born of this marriage is not at issue in this proceeding." Defendant, in her answer, filed 4 August 1965, denied that custody of the two children was not in issue and prayed that the court award her custody of the children.

On 31 July 1965, Lupton, J., Resident Judge of the Twenty-First Judicial District, issued a writ of *habeas corpus* upon the plaintiff's application, restraining defendant from removing the two children from Forsyth County, North Carolina. The application alleged that defendant was preparing to remove the said children from the State of North Carolina to Houston, Texas, in order to defeat the applicant's visitation rights pursuant to the separation agreement, and prayed that he be awarded custody of the children.

On 5 August 1965, plaintiff filed a motion in the cause in the action for absolute divorce, requesting that he be granted custody of the children born of the marriage and that defendant be restrained from removing the two children from the State of North Carolina. This motion was verified on 4 August 1965 and was heard by Lupton, J. on the same day, and an order was entered and filed in the office of the Clerk of the Superior Court of Forsyth County, on 5 August 1965, in which order the defendant was directed to have the two children before him on 14 August 1965, at 9:30 a.m., at the Courthouse of Forsyth County. The defendant also was restrained from removing the children from North Carolina. The hearing, however, by consent of counsel, was changed to 7 August 1965 at the place originally designated. In the meantime, the *habeas corpus* proceeding was dismissed. The custody hearing was completed on 13 August 1965.

The court, after hearing testimony of plaintiff and defendant, reading the affidavits submitted by the parties, and after interviewing the two minor children, found that both the plaintiff and the defendant are suitable persons to have the custody and control of the children born of the marriage, but that it is "to the best interest of the children * * * that their custody be with the father."

It appears that sometime prior to these hearings with respect to custody, the defendant leased a home in Houston, Texas, signed a lease thereon for one year at a monthly rental of $189.00, and paid two months rent in advance. The defendant, although restrained from removing the two minor children from North Carolina, shipped her household and kitchen furniture to Houston, Texas, a few

days before the order was entered with respect to the custody of the children.

On 13 August 1965, the court entered an order awarding the custody of the children to the plaintiff, providing for certain visitation rights by the defendant.

The court in its judgment directed the plaintiff to pay to the defendant the costs of transporting the defendant's household and kitchen furniture from Winston-Salem to Houston, Texas, and from Houston back to Winston-Salem, in the sum of $2,490, and that plaintiff pay to defendant the rent advanced on the Houston home in the sum of $378.00, and also pay the defendant's attorneys a fee of $1,500.

The defendant gave notice of appeal on 16 August 1965 but withdrew the same on 19 August 1965 and filed a motion to modify the order entered on 13 August 1965 "by denying and dismissing the motion of the plaintiff * * *" asking for custody of the children. Defendant submitted findings of fact to be made a part of the order of 13 August 1965. The court denied the motion for detailed findings of fact and declined to dismiss the plaintiff's motion in the cause praying for custody of the children.

The plaintiff and the defendant appeal, assigning error.

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by Norwood Robinson and Robert Melott for plaintiff.*

*Craige, Brawley, Lucas & Horton, and William T. Graham for defendant.*

DENNY, C.J.   The plaintiff in his appeal assigns as error that portion of the order entered below which requires him to pay the defendant for moving costs, attorneys' fees, and rent, in the sum of $4,368.

It is provided in pertinent part in G.S. 6-21 as follows:

"Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court: * * *

"(4)   In actions for divorce or alimony; and the court may both before and after judgment make such order respecting the payment of such costs as may be incurred by the wife, either by the husband or by her from her separate estate, as may be just. * * *

"The word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees

in such amounts as the court shall in its discretion determine and allow."

The plaintiff concedes in his brief that the court was empowered by the above statute to tax the costs against him and to award defendant reasonable attorneys' fees in connection with the custody hearing in the court below. Therefore, on plaintiff's appeal, the question for determination is whether or not on the facts revealed by the record, should the court have allowed the defendant's motion for judgment against the plaintiff for the costs of transporting the defendant's household goods and personal effects from Winston-Salem to Houston, Texas, and from Houston, Texas, back to Winston-Salem, in the sum of $2,490, and for the rent advanced on the house in Houston in the sum of $378.00?

The defendant points out in her brief that at the time of the hearing below, the plaintiff and the defendant were living separate and apart under the terms of a separation agreement dated 5 April 1965; that by this voluntary agreement she was granted "the care and custody of the Children until they shall attain the age of 21 years * * *," and the right to "reside at such * * * places * * * as * * * she may desire, * * *" so long as she did not take "the Children out of the continental limits of the United States of America * * *."

The plaintiff alleged in his motion in the cause in the action for absolute divorce that he had complied with every financial requirement he assumed under the provisions of the separation agreement entered into by the parties. This allegation was not contraverted in the hearing below.

The question posed is not where the defendant may live, but can she require the plaintiff to pay the costs of transportation and the rental of a house or apartment when she leaves the house conveyed to her under the terms of the separation agreement? Under the terms of the separation agreement, the defendant cannot obligate the plaintiff to pay anything for any purpose other than as provided in the separation agreement. There is nothing in the separation agreement requiring the plaintiff to pay defendant's moving expenses or rental costs, whether she lives in Winston-Salem or elsewhere.

The right of a married woman to support and maintenance is held in this jurisdiction to be a property right. *Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235, and cited cases. The right of support being a property right, the wife may release such right by contract in the manner set out in G.S. 52-12, now G.S. 52-6. *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487.

The provisions of a valid separation agreement, including a consent judgment based thereon, cannot be ignored or set aside by the court without the consent of the parties. Such agreement, including consent judgments based on such agreements with respect to marital rights, however, are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children. *Fuchs v. Fuchs, supra; Kiger v. Kiger, supra; Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Finley v. Sapp,* 238 N.C. 114, 76 S.E. 2d 350; *In re Albertson,* 205 N.C. 742, 172 S.E. 411. Otherwise, the parties to a valid separation agreement are remitted to the rights and liabilities under the agreement or the terms of the consent judgment entered thereon. *Lentz v. Lentz,* 193 N.C. 742, 138 S.E. 12; *Brown v. Brown,* 205 N.C. 64, 169 S.E. 818; *Turner v. Turner,* 205 N.C. 198, 170 S.E. 646; *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819; *Holden v. Holden, supra.*

We hold that, since the separation agreement is in full force and effect except as to the custody of the children, the defendant is not entitled to recover from the plaintiff the cost for transporting her household goods and personal effects from Winston-Salem to Houston, Texas, and return to Winston-Salem, or the rental costs incurred in Houston, Texas, and the order entered below is modified accordingly.

On the defendant's appeal, she assigns as error the finding of fact that the plaintiff was a fit and suitable person to have custody of the minor children born of the marriage, and that it was to the best interest of the children that plaintiff have their custody.

When the plaintiff filed his motion for an absolute divorce, he alleged the execution of the separation agreement between the plaintiff and the defendant, under the terms of which the defendant had been given the custody of the minor children born of the marriage with visitation privileges to the plaintiff, and which further provides for the support of the children by the plaintiff. Therefore, the plaintiff further alleged, the custody of the minor children born of the marriage was not at issue in the action. The question of custody of the children involved was first brought into the action for absolute divorce when the defendant filed answer to the complaint on 4 August 1965. The defendant admitted each and every allegation in the complaint except the allegation that the custody of the minor children born of the marriage was not at issue, and alleged she was a fit and proper person to have custody of said children and prayed for an order awarding her custody of the children. The motion in the cause filed by plaintiff on 5 August 1965, requesting the court to award him custody of the minor

children, and defendant's answer constituted the basis for the custody hearing.

The evidence is voluminous and sharply conflicting as to the habits and conduct of the parties with respect to their fitness to have custody of the children born of this marriage. The recital of this evidence would serve no useful purpose.

The question of custody is one addressed to the trial court. When the court finds that both parties are fit and proper persons to have custody of the children involved, as it did here, and then finds that it is to the best interest of the children for the father to have custody of said children, such holding will be upheld when it is supported by competent evidence. *Griffith v. Griffith,* 240 N.C. 271, 81 S.E. 2d 918; *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313; *McEachern v. McEachern,* 210 N.C. 98, 185 S.E. 684.

In the case of *Finley v. Sapp, supra,* the trial judge found as a fact that both the father and mother of the ten-year-old child were "fit and suitable" persons to have custody of the child, but that the "child's best interests, health and general welfare" would be better served by giving the mother custody of the child. Devin, C.J., in affirming the lower court, said:

> "The statute (G.S. 50-13) specifically provides that the court 'may commit their custody and tuition to the father or mother, as may be thought best.' And in *Walker v. Walker,* 224 N.C. 751, 32 S.E. 2d 318, Justice Winborne, speaking for the Court, used this language: 'Applying this statute, the decisions of this Court hold that the question of granting the custody and tuition of the child to the father or mother is discretionary with the court (citing authorities). The welfare of the child is the paramount consideration, or, as stated *In re Lewis,* 88 N.C. 31, "the polar star by which the discretion of the Courts is to be guided." ' (Citations omitted.)"

There is ample evidence to support the findings of the court below, and the judgment with respect to custody will be upheld. This assignment of error is overruled.

The defendant assigns as error the action of the court below in exercising jurisdiction with respect to custody and in refusing to dismiss the motion in the cause filed in this action on the ground that a prior action was pending in the Superior Court of Forsyth County between the parties in which custody was at issue.

The separation agreement, entered into by the parties after the complaint and answer were filed in the plaintiff's action for divorce from bed and board, settled all matters in controversy between the parties at that time. It was understood that the action would be

dismissed, but through oversight it was not. No custody or other hearing was ever had in the above action. Furthermore, it was the defendant who first requested the court in the present action to rule upon the question of custody. Moreover, the defendant never raised any question about the pendency of a prior action until after the custody hearing had been concluded and the judgment from which she now appeals had been entered. The question raised is a mere technicality, since both actions were pending in the Superior Court of Forsyth County and the proper action for disposition of the custody matter was in the action for absolute divorce, the action in which the plaintiff and the defendant requested the court to rule on the question of custody. If a prior action had been instituted in the superior court in another county, and the court had previously ruled on the question of the custody of the children involved herein, we would have had a different situation. *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857, but on the facts revealed on this record, this assignment of error is overruled.

The defendant further assigns as error the failure of the court below to include as a finding of fact the preferences of the minor children as to their custody. In Lee's North Carolina Family Law, 3rd Edition, Volume 3, Custody of Children, § 224, page 21, *et seq.,* it is said:

"The welfare or best interest of the child, in the light of all the circumstances, is the paramount consideration which guides the court in awarding the custody of a minor child. It is 'the polar star by which the discretion of the court is guided.' * * *

"When the child has reached the age of discretion the court may consider the preference or wishes of the child to live with a particular person. A child has attained an age of discretion when it is of an age and capacity to form an intelligent or rational view on the matter. The expressed wish of a child of discretion is, however, never controlling upon the court, since the court must yield in all cases to what it considers to be for the child's best interests, regardless of the child's personal preference. * * *"

In the case of *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759, Parker, J., speaking for the Court, said: "The wishes of a child of sufficient age to exercise discretion in choosing a custodian is entitled to considerable weight when the contest is between the parents, but is not controlling. * * *"

This assignment of error is overruled.

In view of the conclusions heretofore reached, the remaining assignments of error are without sufficient merit to warrant a new

trial on defendant's appeal, and they are overruled.

On plaintiff's appeal—Modified and affirmed.

On defendant's appeal—Affirmed.