Hudson v. Hudson

MERIWETHER W. HUDSON v. FITZGERALD S. HUDSON

No. 7814DC1018

(Filed 21 August 1979)

1. **Divorce and Alimony § 27— consent judgment as to child custody—action still one for custody and support**

     An action remained an action for child custody *and* support even though the court entered a consent order on the question of custody prior to trial, since an agreement for custody was not final and binding on the court, and the court retained jurisdiction to protect the interests and welfare of the minor children.

2. **Divorce and Alimony § 27— action for child custody and support—counsel fees**

     Although the trial court was not required to make findings of fact in awarding counsel fees in an action for child custody and support, the court's award of counsel fees to plaintiff wife was supported by its finding that after defendant left the home of the parties he paid $834 per month for support of the three children, but one year later he deliberately reduced that amount to $375 per month, since $375 was not adequate or reasonable for children accustomed to residences in Durham and Southern Pines, a vacation home in Maine, trips, horses, country clubs, hunt clubs, and private boarding schools, and that amount was not commensurate with defendant's financial condition and position in society.

APPEAL by defendant from *Gantt, Judge.* Judgment entered 20 February 1978 in District Court, DURHAM County. Heard in the Court of Appeals 25 June 1979.

Plaintiff brought this action on 12 February 1976 for, *inter alia,* alimony without divorce, custody and support of three children born of the marriage, and attorney fees. Defendant answered and counterclaimed for divorce from bed and board. On 20 June 1976, the court entered a consent order giving plaintiff custody of the children and defendant visitation privileges.

The remainder of the claims came up for trial on 16 January 1978. After selecting and empanelling the jury on the alimony and support actions, the parties stipulated that if the court should find plaintiff to be a dependent spouse, then plaintiff was entitled to alimony. Following this stipulation, the jury was dismissed and the court heard evidence on the above issue and the issue of child support. On 20 February 1978, the trial court awarded plaintiff alimony, child support, and attorney fees.

The order for alimony and child support required defendant: to continue to provide the residence in Durham, North Carolina, for the minority of the children and until the death or remarriage of plaintiff; to pay taxes, insurance and mortgage payments on the home and to keep it in reasonably good repair; to pay for the benefit of the minor children the costs of private schooling, $500 per year per child for clothing, all medical and dental expenses, and $150 per month per child while the children are living at home with plaintiff (this amount reduced to $50 per month per child during the nine-month period the child is at boarding school); to pay plaintiff alimony of $866.67 per month; to pay the sum of $1,000 for a family membership to the Hope Valley Country Club and the sum of $500 for a family membership to the Triangle Hunt Club; and to maintain the Maine home for a vacation place, including taxes, insurance, upkeep and repair.

Plaintiff's net estate was valued at $665,652. Defendant's net estate was valued at $492,941. The trial court found that in 1977 plaintiff received a spendable income of $9,192 and defendant received a salary of $101,000, and after all expenses he had a spendable income of $24,124.

In the litigation of this action plaintiff incurred attorney fees totalling $66,000. The court awarded $22,000 in counsel fees for legal services rendered for the benefit of plaintiff and the children. From the judgment awarding counsel fees, defendant appeals.

*Haywood, Denny & Miller, by George W. Miller, Jr., for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Jack W. Floyd and Robert A. Wicker, for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant's sole contention on appeal is that the trial court erred in awarding plaintiff attorney fees for legal services rendered on her behalf and on behalf of the children. This case involves actions for alimony, child *custody and* support, bringing it within the ambit of N.C.G.S. 50-13.6.

[1] · Defendant contends this is not an action for custody *and* support because the court entered a consent order on the question of

custody of the children before trial. The initiation of the action for the custody of the children placed the custody and welfare of the children with the court. Separation agreements or a consent judgment cannot "withdraw children of the marriage from the protective custody of the court." *Fuchs v. Fuchs,* 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963). Even though parties may stipulate and agree as to the custody of minor children, such stipulations are not final and binding upon the court, and the court retains jurisdiction and authority to protect the interests and welfare of minor children. *Fuchs v. Fuchs, supra; Finley v. Sapp,* 238 N.C. 114, 76 S.E. 2d 350 (1953). Therefore, even after the agreement of the parties, this case remained one for *custody and* support.

[2] The award of counsel fees in a custody *and* support action does not have to be supported by findings of fact. *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975); *Goodson v. Goodson,* 32 N.C. App. 76, 231 S.E. 2d 178 (1977). An award of counsel fees in a custody and support action is within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of an abuse of discretion. N.C. Gen. Stat. 50-13.6; *Stanback v. Stanback, supra.* In an action solely for support, an award of counsel fees is not only limited by the abuse of discretion but also by the second provision of N.C.G.S. 50-13.6. *Stanback v. Stanback, supra.*

The trial judge exercised his discretion cautiously and carefully in reaching his decision, making findings of fact even though they were not required. We hold the trial judge did not abuse his discretion in the award of counsel fees. Although findings of fact are not required in an award for counsel fees in a custody and support action, it is considered to be the better practice to make such findings.

Even though not required, the findings of fact support the award for attorney fees. Specifically, the court found that after the defendant left the home of the parties he paid $834 per month for support of the three children and one year later he deliberately reduced this amount to $375 per month to compel plaintiff to bring legal action. This finding would allow a recovery for attorney fees in a support action under the following terms of N.C.G.S. 50-13.6: "Before ordering payment of a fee in a support

---

Dixon v. Realty Co.

---

action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; . . .." Although the amount of child support is not before this Court, we consider the amount paid after the separation of the parties only for the purpose of the application of this statute. "What amount is reasonable for a child's support is to be determined with reference to the special circumstances of the particular parties." *Williams v. Williams*, 261 N.C. 48, 57, 134 S.E. 2d 227, 234 (1964). The amount of $375 per month was not adequate nor reasonable for children accustomed to residences in Durham, Southern Pines, a summer vacation home in Maine, trips, horses, country clubs, hunt clubs and private boarding schools. In this case, $375 per month child support was not commensurate with defendant's financial condition and position in society. *Williams v. Williams, supra.* Under the circumstances existing at the time of the institution of this action, it is obvious that the amount of $375 was inadequate for the support of the three children.

The order awarding counsel fees is

Affirmed.

Judges PARKER and ERWIN concur.