KAREN MOHR, Plaintiff v. JOHN MOHR, Defendant

No. COA02-76

(Filed 31 December 2002)

**Child Support, Custody, and Visitation—modification of custody—failure to accept offer of judgment—Rule 68 motion for costs inapplicable**

    The trial court did not err in a child custody modification case by denying defendant's motion seeking costs under N.C.G.S. § 1A-1, Rule 68 based on plaintiff's failure to accept defendant's offer of judgment, because Rule 68 offers of judgment are inconsistent with our framework for determining child custody under N.C.G.S. Ch. 50 in order to preserve the court's inherent as well as statutory authority to protect the best interests of the child.

Appeal by defendant from order entered 2 October 2001 by Judge Alice C. Stubbs in Wake County District Court. Heard in the Court of Appeals 19 September 2002.

*East Central Community Legal Services, by Suzanne Chester, for plaintiff-appellee.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendant-appellant.*

HUDSON, Judge.

Defendant appeals the denial of his motion seeking costs pursuant to North Carolina Rule of Civil Procedure 68.

Plaintiff and defendant were married on 28 June 1980. Four children were born of the marriage. The parties separated in March, 1999, at which time all four children were minors. After a hearing, Judge Fred G. Morelock awarded sole custody of the children to defendant father, while plaintiff was granted visitation. After the entry of the order, defendant sent one of the children, Michael, to a boarding school in Ohio.

On 9 June 2000, plaintiff filed a "Motion to Modify Custody," in which plaintiff sought sole custody of the minor children. Plaintiff alleged various difficulties in obtaining access to the children and information from defendant about matters including the medical and psychological treatment of the children, and about when Michael would be available to visit. On 12 April 2001, defendant filed and served what he designated an "Offer of Judgment" pursuant to Rule 68 of the North Carolina Rules of Civil Procedure. The purported offer proposed the following:

That the basic schedule of physical custody as established by the Honorable Fred [G.] Morelock in his January 14, 2000 order *nunc pro tunc* to June 21, 1999 remain in effect.

Plaintiff did not accept defendant's proposal and proceeded to hearing on her Motion to Modify Custody.

At the close of plaintiff's evidence, Judge Alice Stubbs granted defendant's Rule 41(b) motion to dismiss plaintiff's Motion to Modify Custody. At the same time, however, the judge made several modifications to the 14 January 2000 order *nunc pro tunc* to 21 June 1999. Specifically, she granted joint legal custody to the parties and modified the visitation schedule by granting plaintiff three additional weeks of visitation per year, and by enlarging plaintiff's Wednesday night visitation from two to three hours. She ordered defendant to confer and consult with plaintiff prior to making final decisions con-

cerning the education and medical well-being of the minor children, granted plaintiff equal and complete access to all medical and educational records relating to the minor children, and ordered defendant to provide plaintiff's name to the minor children's schools as a person authorized to pick up the children up in case of emergency. The order also provided that Michael shall return to North Carolina in July 2001.

On 31 August 2001, defendant filed a Motion to Tax Costs based upon plaintiff's failure to accept his "Offer of Judgment," contending that "[t]he result achieved by the plaintiff at trial was not more favorable than that made by the defendant in his offer of judgment . . . ." On 2 October 2001, the court denied defendant's Motion to Tax Costs, finding that "as a matter of law . . . Rule 68 of the North Carolina Rules of Civil Procedure is inconsistent with the statutory structure of Chapter 50, that the application of Rule 68 to domestic actions violate[s] North Carolina public policy and discourage[s] the filing of otherwise meritorious motions and complaints under Chapter 50, and thus that Rule 68 is inapplicable to custody proceedings brought under Chapter 50 of the North Carolina General Statutes." The order further noted that "even in the event Rule 68 . . . were to apply to proceedings brought under Chapter 50, that the plaintiff's motion to modify custody . . . was brought in good faith, and that the court did make modifications in the court's previous custody order . . . ."

Defendant first assigns as error the trial court's denial of his motion to tax costs. Defendant argues that the trial court's holding that Rule 68 does not apply to proceedings under Chapter 50 was erroneous as a matter of law because nothing in either Rule 68 or Chapter 50 precludes such application.

Since the question of whether Rule 68 applies to a Chapter 50 custody action is a question of law, we apply a *de novo* standard of review. *See Harbor Motor Co., Inc. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001); *Cf. Brewer v. Harris*, 10 N.C. App. 515, 179 S.E.2d 160 (1971), *affirmed*, 279 N.C. 288, 182 S.E.2d 345 (1971) (because federal rules are the source of the North Carolina Rules of Civil Procedure, we look to the decisions of federal jurisdictions for guidance). For the reasons explained below, we affirm the trial court's ruling.

The pertinent provision of Rule 68 reads as follows:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or

property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted within 10 days after its service shall be deemed withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C. R. Civ. P. 68 (2001).

As this is a case of first impression in North Carolina, we have expanded our research to determine how other jurisdictions have approached this issue. Although we would look to federal decisions, the federal courts do not hear domestic relations actions under the domestic relations exception to federal diversity jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 119 L.Ed.2d 468 (1992); *see, also, McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999), *cert denied*, 529 U.S. 1008, 146 L.Ed.2d 226 (2000). However, a review of other state jurisdictions shows a clear trend to hold offers of judgment inapplicable in the context of domestic relations. *See Leeming v. Leeming*, 490 P.2d 342, 344 (Nev. 1971) (holding that Nevada's version of Rule 68, nearly identical to North Carolina's Rule 68, is "inapplicable to divorce proceedings" because they "involve entirely different social considerations than other civil actions," and that "[t]o hold [Rule] 68 applicable to divorce matters would be incompatible with the pattern and policy of our law . . . ."); *In re Marriage of Marshall*, 781 P.2d 177, 181 (Colo. 1989), *cert. denied*, 794 P.2d 1011 (Colo. 1990) (holding in a divorce action very similar to the case here that Rule 68 did not apply to "an action that does not seek money judgment at law."); Fla. Stat. ch. 45.061(4) (2002) (specifically providing that Florida's version of Rule 68 "shall not apply . . . to matters relating to dissolution of marriage, alimony, nonsupport . . . or child custody."); Mass. R. Dom. Rel. P. 68 official commentary (2002) (in deleting Rule 68 from its Rule of Domestic Relations Procedure, the Massachusetts legislature provided that the rule "has been deleted as inappropriate to Domestic Relations practice."); *But see, Criss v. Kunisada*, 968 P.2d 184 (Haw. Ct. App. 1998), *cert. denied*, 953 P.2d 1362 (Haw. 1998) (applying family court version of Rule 68 in a custody action). While we are not asked to decide if Rule 68 applies in any domestic matter,

MOHR v. MOHR

[155 N.C. App. 421 (2002)]

we do conclude that Rule 68 offers of judgment are inconsistent with our framework for determining child custody under Chapter 50. *See* N.C. Gen. Stat. § 50-13.1 (2001); N.C. Gen. Stat. § 50-11.2 (2001).

Under G.S. § 50-11.2, the trial court has continuing jurisdiction in child custody disputes. N.C. Gen. Stat. § 50-11.2 (2001). The court may modify the custody award at any time upon a showing of a substantial change of circumstances, affecting the welfare of the child. *Id.*; N.C. Gen. Stat. § 50-13.7 (2001). The standard upon which the court initially determines with whom custody should lie is the best interests of the child. N.C. Gen. Stat. § 50-13.2 (2001). A Rule 68 offer of judgment in a child custody action would allow a party to circumvent the court's statutory authority and responsibility to determine custody in the best interests of the child. Rule 68 provides that upon the acceptance of an offer of judgment, "either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the *clerk* shall enter judgment." N.C. R. Civ. P. 68 (2001) (emphasis added). We do not believe that this rule, which allows the clerk to enter judgment, is consistent with the statutory scheme within which the court assigns custody based upon the best interests of the child, and may modify it upon a substantial change in circumstances.

While we acknowledge that public policy favors encouraging the parties to settle domestic actions like other civil actions, *Bromhal v. Stott*, 341 N.C. 702, 462 S.E.2d 219 (1995), *reh'g denied*, 342 N.C. 418, 465 S.E.2d 536 (1995), we do not believe that the settlement process triggered by a Rule 68 offer of judgment is consistent with the court's authority to determine and modify custody. Prior decisions indicate that such authority is ongoing in a custody matter even though the parties settle, whether by a private settlement agreement or through mediation under G.S. § 50-13.1. G.S. § 50-13.1 provides for mediation of custody disputes and mandates that any mediated settlement agreement reached "shall be . . . submitted to the court as soon as practicable," and "[u]nless the court finds good reason not to, it shall incorporate the agreement in a court order and it shall become enforceable as a court order." N.C. Gen. Stat. § 50-13.1 (g) (2001).

Further, while it is clear that a husband and wife may bind themselves by a separation agreement, it is equally clear that "no agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as their statutory authority to protect the interests and provide for the welfare of infants." *Baker v. Showalter*, 151 N.C. App. 546, 551, 566 S.E.2d 172, 175 (2002) *(quoting Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E.2d 487, 491 (1963)).

Such separation agreements "are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children." *Hinkle v. Hinkle*, 266 N.C. 189, 195, 146 S.E.2d 73, 77 (1966). This is so because "[t]he welfare of the child is the 'polar star' which guides the court's discretion in custody determinations." *Evans v. Evans*, 138 N.C. App. 135, 141, 530 S.E.2d 576, 580 (2000). Here, we conclude that the trial court properly determined that Rule 68 does not apply to this motion to modify custody, to preserve the court's "inherent as well as statutory authority" to protect the best interests of the children. Therefore we affirm the trial court's ruling.

In light of the foregoing, we decline to address the defendant's remaining assignments of error.

Affirmed.

Judges TIMMONS-GOODSON and CAMPBELL concur.