LAUTERBACH v. WEINER

[174 N.C. App. 201 (2005)]

━━━━━━

KAREN E. LAUTERBACH, PLAINTIFF v. BRYAN J. WEINER, DEFENDANT

No. COA05-187

(Filed 18 October 2005)

**1. Civil Procedure— attorney fees—earlier offer—partial**
      A partial offer to distribute the marital residence was not sufficient to create a binding final judgment on all pending issues in an equitable distribution action, and N.C.G.S. § 1A-1, Rule 68 pertaining to costs and attorney fees when an offer of judgment is unaccepted did not apply.

**2. Divorce— equitable distribution—attorney fees—no statutory authority**
      Statutory authority to tax costs in equitable distribution cases does not exist in North Carolina (with an exception not applicable here). The trial court did not have authority to award attorney fees on the issue of whether an equitable distribution judgment finally obtained was more favorable than plaintiff's earlier offer.

Appeal by plaintiff from order entered 13 August 2004 by Judge Alonzo B. Coleman, Jr., in Orange County District Court. Heard in the Court of Appeals 21 September 2005.

*Donna Ambler Davis, P.C., by Donna Ambler Davis, for plaintiff-appellant.*

*Northen Blue, L.L.P., by Carol J. Holcomb and Samantha H. Cabe, for defendant-appellee.*

TYSON, Judge.

Karen E. Lauterbach ("plaintiff") appeals order denying her motion for costs including payment of attorney's fees. We affirm.

## I. Background

Plaintiff and Bryan J. Weiner ("defendant") were married on 8 October 1994. One child was born of the marriage on 13 September 1998. The parties separated on 11 July 2001 and divorced on 5 November 2002.

On 24 April 2001, plaintiff filed a complaint seeking custody and child support, divorce from bed and board, post-separation support, alimony, an unequal distribution of the marital estate in her favor, and attorney's fees. Defendant filed an answer and counterclaim on 18 June 2001. On 28 March 2002, plaintiff, the dependant spouse, served an offer of judgment ("offer") pursuant to Rule 68 of the North Carolina Rules of Civil Procedure upon defendant, the supporting spouse. The offer was limited to the distribution of the marital residence. The offer would allow plaintiff to retain possession and ownership of the former marital residence in exchange for paying defendant a distributive award for his share of the equity in the residence. Defendant did not respond to the offer.

On 24 October 2003, the trial court entered an order that granted plaintiff sixty-nine percent and defendant thirty-one percent of the marital and divisible estate. The terms of the 24 October 2003 order reflect an unequal distribution in plaintiff's favor. Plaintiff also received an award of attorney's fees for custody and support in the amount of $20,000.00.

On 2 March 2004, plaintiff filed an amended affidavit for attorney's fees incurred from 28 March 2002, the date of service of the offer, through 25 February 2004, the date of the amended affidavit. The trial court denied plaintiff's request and found as a matter of law that Rule 68 of the North Carolina Rules of Civil Procedure does not apply to costs and/or attorney's fees associated with actions brought

**LAUTERBACH v. WEINER**

[174 N.C. App. 201 (2005)]

pursuant to N.C. Gen. Stat. §§ 50-20, 50-20.1, and 50-21 and those statutes related to the equitable distribution of marital property. Plaintiff appeals.

## II. Issues

Plaintiff argues the trial court erred by: (1) finding as a matter of law that Rule 68 does not apply to costs and/or attorney's fees associated with actions brought pursuant to N.C. Gen. Stat. §§ 50-20, 50-20.1, and 50-21 and those statutes related to the equitable distribution of marital property; and (2) refusing to grant plaintiff's motion for costs including attorney's fees where the judgment finally obtained on 23 October 2003 was not more favorable to defendant than the offer served by plaintiff on 28 March 2002.

## III. Rule 68

[1] Plaintiff argues Rule 68 applies to costs and/or attorney's fees associated with actions brought pursuant to N.C. Gen. Stat. §§ 50-20, 50-20.1, and 50-21 and those statutes related to the equitable distribution of marital property.

The Equitable Distribution Act, now codified as N.C. Gen. Stat. §§ 50-20 and 50-21, mandates marital estate property to be divided equally unless the court finds it is inequitable or unfair to do so. The Equitable Distribution Act lists twelve factors for a court to consider in determining whether an equal distribution is not equitable. Eleven of the factors are specific, while the twelfth factor allows the court to consider "any other factor which the court finds to be just and proper." N.C. Gen. Stat. § 50-20(c) (2003).

Rule 68 of the North Carolina Rules of Civil Procedure provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted within 10 days after its service shall be deemed withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. If the

judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C. Gen. Stat. § 1A-1, Rule 68(a) (2003).

"A purpose of Rule 68 is to encourage compromise and to avoid protracted litigation." *Aikens v. Ludlum*, 113 N.C. App. 823, 824, 440 S.E.2d 319, 320 (1994) (citing *Scallon v. Hooper*, 58 N.C. App. 551, 293 S.E.2d 843, *disc. rev. denied*, 306 N.C. 744, 295 S.E.2d 480 (1982)). A defendant who makes an offer of judgment has three options:

1) to specify the amount of the judgment and the amount of costs, 2) to specify the amount of the judgment and leave the amount of costs open to be determined by the court, or 3) to make a lump sum offer which expressly includes both the amount of the judgment and the amount of costs.

*Id.* at 825, 440 S.E.2d at 321.

In *Mohr v. Mohr*, this court considered and rejected the use of Rule 68 offers of judgment in the context of child custody matters. 155 N.C. App. 421, 573 S.E.2d 729 (2002). *Mohr* was an issue of first impression for this court. *Id.* This court has not previously addressed the applicability of Rule 68 to actions for equitable distribution. Here, we need not rule on that issue. Plaintiff's offer fails to satisfy the requirements of Rule 68.

The Rule requires the party who files an offer "to serve upon the adverse party an offer to allow judgment to be taken against him." N.C. Gen. Stat. § 1A-1, Rule 68(a). Plaintiff's offer related only to the distribution of the marital residence and failed to address or propose an offer for the division of the entire marital estate. Because "[t]he Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success," the offer must create a binding final judgment. *Marek v. Chesny*, 473 U.S. 1, 5, 87 L. Ed. 2d 1, 7 (1985). By offering judgment only for distribution of the marital residence, plaintiff omitted any proposal for the division of the remaining marital estate and allowed the remaining separate and marital assets to be subjected to further litigation. Her partial offer to distribute the marital residence was insufficient to create a binding final judgment on all pending issues. Plaintiff's assignment of error is overruled.

LAUTERBACH v. WEINER

[174 N.C. App. 201 (2005)]

## IV. Final Judgment

**[2]** Plaintiff argues the trial court erred in refusing to grant plaintiff's motion for attorney's fees where the judgment finally obtained on 23 October 2003 was not more favorable to defendant than the offer served by plaintiff on 28 March 2002.

Rule 68 states, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay *the costs incurred* after the making of the offer." N.C. Gen. Stat. § 1A-1, Rule 68 (emphasis supplied). "In North Carolina costs are taxed on the basis of statutory authority" under N.C. Gen. Stat. § 6-20. *Estate of Smith v. Underwood,* 127 N.C. App. 1, 12, 487 S.E.2d 807, 815, *disc. rev. denied,* 347 N.C. 398, 494 S.E.2d 410 (1997). Generally, statutory authority to tax costs in equitable distribution cases does not exist in North Carolina. N.C. Gen. Stat. § 50-20(i) (2003) provides one exception:

> (i) Upon application by the owner of separate property which was removed from the marital home or possession of its owner by the other spouse, the court may enter an order for reasonable counsel fees and costs of court incurred to regain its possession, but such fees shall not exceed the fair market value of the separate property at the time it was removed.

Except for this narrow exception, inapplicable here, we find no statutory authority for the court to award attorney's fees under the issue before us. Plaintiff's assignment of error is overruled.

## V. Conclusion

Plaintiff's offer addressed only the division of the marital residence, one aspect of the equitable distribution of the entire marital estate. Because plaintiff's offer was insufficient to create a binding final judgment, it was not possible for the trial court to compare plaintiff's offer with the order entered by the trial court. The trial court's order divided the equity in the marital residence along with all remaining marital and divisible property. The trial court did not err in refusing to grant plaintiff's motion for attorney's fees under Rule 68. N.C. Gen. Stat. § 1A-1, Rule 68. Rule 68 only allows for "the costs incurred." *Id.* No specific statutory provision allows for attorney's fees to be assessed as "the costs incurred" under the facts before us. "It is settled law in North Carolina that ordinarily attorney's fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them." *Records v.*

*Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602, *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973). The trial court's order is affirmed.

Affirmed.

Judges HUNTER and STEELMAN concur.