IN THE SUPREME COURT OF NORTH CAROLINA

No. 314A19

Filed 5 June 2020

IN THE MATTER OF: C.V.D.C. and C.D.C.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from orders entered on 30 April 2019 by Judge Mike Gentry in District Court, Caswell County. This matter was calendared for argument in the Supreme Court on 4 May 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

> *Stuart N. Watlington for petitioner-appellee Caswell County Department of Social Services.*
>
> *Alston & Bird LLP, by Kelsey L. Kingsbery, for appellee Guardian ad Litem.*
>
> *Deputy Parent Defender Annick Lenoir-Peek for respondent-appellant mother.*

NEWBY, Justice.

Respondent appeals from the trial court's orders terminating her parental rights in the minor children C.V.D.C. (Carol),[1] born in September 2012, and C.D.C. (Cody), born in December 2013 (collectively, the children). We affirm.

The Caswell County Department of Social Services (DSS) received a report on 20 December 2016 that respondent had been kicked out of the residence where she

---

[1] Pseudonyms are used to protect the identity of the juveniles and for ease of reading.

and the children were staying and that she used the money from her child's disability check to purchase crack cocaine. Eight days later, DSS received a report that respondent had left the children with an individual who was unable to care for them. On 3 January 2017, DSS arranged a kinship placement for the children with a friend of respondent. Respondent acknowledged to DSS that she was homeless and had a significant history of substance abuse. After leaving them in kinship care, respondent did not visit or maintain regular contact with the children.

DSS filed a juvenile petition on 11 May 2017 alleging the children were neglected and dependent. The trial court held a hearing on the petition on 5 September 2017 and adjudicated the children to be neglected and dependent by order entered on 7 November 2017. At the time of the hearing, respondent was in jail awaiting trial on pending charges in Alamance County and had failed to maintain contact with DSS since leaving the children in kinship care. The trial court found that respondent

> ha[d] failed to seek services to eliminate her substance abuse problems and to obtain decent housing for the children. She ha[d] no stable living environment for herself or for the children. She ha[d] no income for the children, and she . . . had numerous opportunities to visit with the children since January 3rd of this year, but ha[d] failed to do so.

Respondent entered into an out-of-home family services agreement for each child with DSS on 15 September 2017, committing to a series of actions to address issues

related to her substance abuse, mental health, parenting skills, and lack of stable housing and employment.

On 29 August 2018, DSS filed petitions to terminate respondent's parental rights. In September 2018, the children disclosed that they had been inappropriately disciplined by their caretaker, and DSS removed them from their kinship placement. On 3 October 2018, DSS placed the children together in a licensed foster home.

On 19 February 2019, by consent of the parties, the trial court held a combined hearing on both petitions. After receiving testimony from respondent and her DSS social worker, the court adjudicated grounds for terminating respondent's parental rights based on her neglect of the children and her willful failure to make reasonable progress to correct the conditions that led to their removal from her care. *See* N.C.G.S. § 7B-1111(a)(1), (2) (2019). At the dispositional stage, the trial court admitted without objection the written reports prepared by DSS and the guardian *ad litem* (GAL) and heard additional testimony from the DSS social worker. The trial court then concluded it was in the best interests of both children that respondent's parental rights be terminated. *See* N.C.G.S. § 7B-1110(a) (2019). Respondent filed notices of appeal from the trial court's orders. *See* N.C.G.S. § 7B-1001(a1)(1) (2019).

On appeal respondent does not challenge the trial court's adjudication of grounds to terminate her parental rights under N.C.G.S. § 7B-1111(a)(1) and (2). She contends the trial court erred in making its dispositional determination that terminating her parental rights was in the children's best interests. Specifically,

respondent claims the trial court failed to make the necessary findings of fact required by N.C.G.S. § 7B-1110(a) to support its decision.

The statute at issue, N.C.G.S. § 7B-1110(a), provides in pertinent part as follows:

> (a) After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest. . . . In each case, the court shall consider the following criteria and make written findings regarding the following that are relevant:
>
> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

N.C.G.S. § 7B-1110(a)(1)–(6).

We begin by addressing respondent's position regarding the appropriate standard of appellate review for a disposition entered under N.C.G.S. § 7B-1110(a). Respondent recognizes this Court's well-established doctrine that "[t]he trial court's assessment of a juvenile's best interest at the dispositional stage is reviewed only for

abuse of discretion." *In re Z.L.W.*, 372 N.C. 432, 435, 831 S.E.2d 62, 64 (2019). She casts our deferential posture, however, as a vestige of such decisions as *In re Montgomery*, 311 N.C. 101, 110, 316 S.E.2d 246, 252 (1984), which predate the amendments to N.C.G.S. § 7B-1110(a) enacted by the legislature in 2005 and 2011 to safeguard the rights of parents. In light of these amendments, respondent "argues for a *de novo* standard of review as to the trial court's application of the factors enumerated in N.C.G.S. § 7B-1110."

We find respondent's argument unpersuasive. This Court has recently reaffirmed the abuse of discretion standard when reviewing the trial court's determination of a child's best interest under N.C.G.S. § 7B-1110(a). *See In re A.U.D.*, 373 N.C. 3, 6, 832 S.E.2d 698, 700 (2019); *In re Z.L.W.*, 372 N.C. at 435, 831 S.E.2d at 64; *In re L.M.T.*, 367 N.C. 165, 171, 752 S.E.2d 453, 457 (2013). Our application of the abuse of discretion standard in this context is consistent with this Court's long-standing deference to the trial courts in matters related to child custody. *See Pulliam v. Smith*, 348 N.C. 616, 624–25, 501 S.E.2d 898, 902 (1998) ("It is a long-standing rule that the trial court is vested with broad discretion in cases involving child custody."); *Finley v. Sapp*, 238 N.C. 114, 116, 76 S.E.2d 350, 352 (1953). Having considered respondent's arguments, we again reaffirm our application of the abuse of discretion standard when reviewing the trial court's determination of "whether terminating the parent's rights is in the juvenile's best interest" under N.C.G.S. § 7B-1110(a). Under that standard, we defer to the trial court's decision unless it is "manifestly

unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

Respondent claims the trial court failed to make sufficient written findings under N.C.G.S. § 7B-1110(a) to support its conclusion that terminating her parental rights is in the children's best interests. She asserts that the trial court's findings address only the ages of the children under N.C.G.S. § 7B-1110(a)(1), while leaving unaddressed the remaining statutory criteria enumerated in N.C.G.S. § 7B-1110(a)(2)–(6).[2] With regard to "[t]he bond between the juvenile and the parent" under N.C.G.S. § 7B-1110(a)(4), respondent contends the trial court's finding "that neither parent has created a bond with the children" is insufficient because it fails to address "the bond the children had with her" and "whether there was a remaining bond" between them. As for the remaining factors in N.C.G.S. § 7B-1110(a)(2), (3) and (5), respondent notes that the trial court made no written findings regarding the likelihood of the children's adoption, whether terminating her parental rights will aid in accomplishing the children's permanent plan, or the quality of the bond between the children and their foster parents.

Notwithstanding our conclusion that the trial court's determination of a child's best interests under N.C.G.S. § 7B-1110(a) is discretionary, respondent's contention that the trial court failed to comply with the fact-finding requirements of subsection

---

[2] Respondent makes no specific argument regarding the trial court's failure to make findings under the "[a]ny relevant consideration" provision of N.C.G.S. § 7B-1110(a)(6).

7B-1110(a) is a question of statutory interpretation, which we review de novo. *See State v. Davis*, 368 N.C. 794, 797, 785 S.E.2d 312, 314–15 (2016). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *In re Appeal of Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003).

In *In re A.U.D.*, this Court held that "a trial court must *consider* all of the factors in [sub]section 7B-1110(a) . . . . [; t]he statute does not, however, explicitly require written findings as to each factor." 373 N.C. at 10, 832 S.E.2d at 702. Accordingly, we declined to find reversible error based on the trial court's failure to make written findings under N.C.G.S. § 7B-1110(a)(1)–(6) as to "uncontested issues"—i.e., factors for which "there was no conflict in the evidence." *Id.* at 10–11, 832 S.E.2d at 703; *see also In re H.D.*, 239 N.C. App. 318, 327, 768 S.E.2d 860, 866 (2015).

In the case *sub judice*, DSS and the GAL presented uncontested evidence that the children's ages made them "very adoptable"; that terminating respondent's parental rights was necessary to effect the children's permanent plan of adoption; and that the children were strongly bonded with their foster parents, who wish to adopt them. Accordingly, we decline to find reversible error based on the trial court's failure to make written findings under N.C.G.S. § 7B-1110(a)(2), (3) and (5). *See In re A.U.D.*, 373 N.C. at 10–11, 832 S.E.2d at 703.

With regard to N.C.G.S. § 7B-1110(a)(4), which concerns the bond between the children and the parent, DSS advised the trial court that "there is little to no bond between the children and their mother [respondent]" inasmuch as the children had seen respondent only "once in the last 25 months. . . . for about 15 minutes in Court when the children's caregiver brought [them] to the courthouse for the Adjudication Hearing" on 5 September 2017. DSS further reported that, although respondent would occasionally telephone the children from jail during her periods of incarceration, she neither visited nor called the children when she was not incarcerated. Moreover, both children had "expressed their desire to remain with [their foster parents]." The GAL informed the trial court that any bond between the children and respondent "would at least be greatly diminished, if not far worse," because the children had not seen respondent in more than seventeen months—a period described by the GAL as "a very long time in a young child's life"—or heard from her in more than fifteen months.

Respondent testified that she had raised the children from birth until they were placed in kinship care on 3 January 2017 at three and four years of age. She acknowledged she had not visited the children in "[a]pproximately a year," but claimed she spent Christmas with the children and kept them for two weekends while they were in kinship care. Respondent described her children as "all [she] live[s] for" and insisted the children would "never lose their bond with their mother."

We conclude the trial court's written findings are sufficient to demonstrate its consideration of the parties' evidence regarding the bond between the children and respondent under N.C.G.S. § 7B-1110(a)(4).[3] In addition to finding that respondent had not "created a bond with the children[,]" the trial court found that, "once the children were placed with the kinship provider facilitated by DSS in January 2017, [respondent] did not visit the children and failed to maintain regular contact with them." The trial court further found that respondent "made no efforts to complete the goals of the Out of Home Family Services Agreement for either child[,]" that she "abandoned her children," and that her actions toward the children were willful. As respondent does not challenge the evidentiary support for these findings, they are binding on appeal. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

While the trial court made no findings about the children's current feelings toward respondent, the record offers no evidence on this specific issue, with the possible exception of DSS's report that the children had expressed a desire to remain with their foster parents. Respondent points to no evidence that would support a

---

[3] The trial court's statements to respondent in rendering its decision further demonstrate its consideration of the criterion in N.C.G.S. § 7B-1110(a)(4). *See In re A.U.D.*, 373 N.C. at 10, 832 S.E.2d at 702 ("Here, the transcript of the hearing demonstrates that the trial court did, in fact, carefully consider each of the statutory criteria . . . ."). The trial court acknowledged the inseverable bond between a mother and child and alluded to the efforts made by the judge's own adopted daughter to locate her biological mother. The trial court also emphasized to respondent, however, the necessity of accounting for "the children's day-to-day care and needs" and concluded that "[t]he best thing [the trial court] can do for them is to let a good, adoptive family adopt them so they'll have stability."

finding favorable to her. Because we are satisfied the trial court heard sufficient evidence to make a reasoned determination of the children's best interests, we decline to find reversible error based on the trial court's failure to make a written finding on a matter for which no evidence was offered. *See generally In re Shue*, 311 N.C. 586, 597, 319 S.E.2d 567, 574 (1984) ("The essential requirement, at the dispositional hearing . . . , is that sufficient evidence be presented to the trial court so that it can determine what is in the best interest of the child.").

Having reviewed the trial court's orders in their entirety, we hold the findings of fact are sufficient to comply with the requirements of N.C.G.S. § 7B-1110(a) and to support the trial court's discretionary determination that the children's best interests would be served by the termination of respondent's parental rights. We repeat our admonition in *In re A.U.D.*, however, "encourag[ing] trial courts to make written findings on all of the statutory factors set out in N.C.G.S. § 7B-1110(a) in the dispositional portions of orders ruling on petitions to terminate parental rights." 373 N.C. at 10 n.4, 832 S.E.2d at 703 n.4.

AFFIRMED.